S. F. BLACKWELL, Respondent, v. HENRY ADAMS, Appellant.

**St. Louis Court of Appeals, November 22, 1887.**

1. PRACTICE—UNSUPPORTED JUDGMENT.—A judgment in favor of one upon whom rests the burden of proof will be vacated on appeal, unless it is supported by evidence, although no other question is raised upon the record.

2. —————— DAMAGES.—The measure of damages is a question of law, and if the damages awarded are not supported by the evidence on any theory of the law, the judgment will be set aside.

APPEAL from the St. Louis Circuit Court, LEROY B. VALLIANT, Judge.

*Reversed and remanded.*

J. W. COLLINS, for the appellant: The finding by the court below of a judgment for thirty-five dollars in

favor of the respondent is erroneous, as it is based upon a
*quantum meruit*, and not upon the contract.   *Williams
v. Porter*, 51 Mo. 441 ; *Teats v. Valentine*, 56 Mo. 530 ;
*Eyerman v. Cemetery Ass'n*, 61 Mo. 489 ; *Legg v. Ge-
rardi*, 22 Mo. App. 149 ; *Mansur v. Boots*, 80 Mo.
651.

LODGE & TALTY, for the respondent: This cause
was instituted in a justice's court, where " strictness of
averments and technical precision in pleadings is not
required ; " where parties themselves usually attend to
their own cases, and hence no formalities are allowed to
defeat the ends of justice. *Forbis v. Shellaberger*, 50
Mo. 558 ; *McCartney v. Auer*, 50 Mo. 395, 576 ; *Allen
v. McMonagle*, 77 Mo. 478 ; *Coughlin v. Lyons*, 24 Mo.
533. " If the sale is brought about through the agent's
exertions, or if he introduces the purchaser, or discloses
his name to the seller, and through such introduction or
disclosure a sale is effected, even though the sale may
be made by the owner," he can recover.   *Tyler v. Parr*,
52 Mo. 249 ; *Timberman v. Craddock*, 70 Mo. 641.

ROMBAUER, J., delivered the opinion of the court.
This cause was tried by the court without a jury.
No instructions were asked or given.   The only excep-
tion saved to the admission of testimony is untenable,
and not pressed on this appeal ; and the only question
presented for our consideration is, whether the evidence
adduced warrants the judgment on any theory legally
applicable to such evidence.

The action was brought on the following state-
ment :

"Henry Adams, to Stephen F. Blackwell, Dr.
"To negotiating sale of furniture of furnished-
room house at No. 1003 North Third Street,
in said city, and procuring a purchaser
therefor during the months of Septem-
ber and October, 1885, as per agree-
ment . . . . . . . . . . . . . .  . . . . . . . . . . . . . . .$50.00"

As to the alleged contract, the plaintiff's own testimony is as follows :   "Adams came to me and asked me if I could find a purchaser for his lodging-house, called the Tremont House, in this city, and he said he wanted five hundred dollars for it if he sold it before fair week, and if I got him a purchaser and he sold it to him for that price before fair week he would give me seventy-five dollars, and that he wanted four hundred dollars after fair week, and if I got him a purchaser and sold it to him for that price after fair week, he would give me fifty dollars."

Another witness for the plaintiff testified that Adams told him that Blackwell was to have a commission if he, Adams, sold the house to any one sent him by Blackwell. This was all the evidence of any contract between the parties.

There was evidence tending to show that the plaintiff introduced one Donnelly to the defendant as a proposed purchaser, and that several months thereafter, and after fair week, the defendant sold his place, together with a five years' lease thereon, to Donnelly, for three hundred and fifty dollars. But there was no evidence, whatever, that the contract, as testified to by the plaintiff, had ever been modified. The court rendered judgment for the plaintiff for thirty-five dollars.

We find no evidence in the record to support this judgment. The proposition that, where one employs another to negotiate a sale for him, on certain terms, for a stated compensation, and the person thus employed is instrumental in bringing about a sale, he is entitled to the compensation agreed upon, even though the sale is finally consummated by the principal without his intervention, is established in this state by repeated adjudications. *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Parr*, 52 Mo. 249; *Timberman v. Craddock*, 70 Mo. 638, 640. This, however, can not aid the plaintiff. He was to have a commission of fifty dollars if, by his instrumentality, the house was sold at a certain time for four hundred dollars, and there is no pretense in the evidence

that it was sold for that sum at any time. Nor is there any evidence that either the plaintiff, or the defendant, through the plaintiff's instrumentality, could have sold it for that sum at any time. Nor is there any evidence that the plaintiff was to have any definite sum for his commission if the house was sold for a less sum, or that he was entitled to any definite sum as commission, regardless of the price for which the house sold. Nor was there any evidence what the reasonable value of the plaintiff's services was, even if such evidence were admissible under the statement.

The court could have arrived at its judgment of thirty-five dollars only on the theory that one who agrees to pay fifty dollars on a sale realizing four hundred dollars, impliedly agrees to pay thirty-five dollars if the sale realizes three hundred and fifty dollars. Such a theory is wholly untenable.

Damages adjudged must be supported by legal evidence. If they are not thus supported the judgment can not stand. The measure of damages is a question of law.

The judgment is reversed and the cause remanded. All the judges concur.