PAGE & AUSTIN, Appellants, v. C. C. GRIFFIN, Respondent.

### Kansas City Court of Appeals, June 7, 1897.

Real Estate Broker: PROCURING PURCHASER: TERMINATION OF CONTRACT. Where the real estate broker produces a purchaser who is accepted and the trade is consummated, he is entitled to his commissions; but if by agreement his agency ceases at a given date and a sale occurs between the parties after such date on renewed negotiations, he is not entitled to his commissions.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*John M. Voris* and *A. B. Davis* for plaintiffs.

(1) Defendant testifies that he did authorize Page & Austin to procure the exchange of lands. That they introduced him to Mr. Davis and this was the beginning of the trade, and hence, was the procuring cause. See cross-examination of defendant. *Blake v. Slump*, 10 L. R. A., p. 103, and authorities there cited, also editors' note to same. *Williams v. Porter*, 31 Mo. App. 563;

*Stinde v. Belsch,* 42 Mo. App. 578; *Bass v. Jacobs,* 63 Mo. App. 393. (2) Instruction number 1 on part of the defendant would require plaintiffs to make the trade and leave out any question of procuring cause. Under the evidence in this case, this instruction is misleading. The best any agent can do is to bring the parties together.; the owners of the land can make such terms as they desire. See authorities above. Instruction number 2 singles out a declaration of plaintiff, Austin, as testified to by defendant and submits none of the issues of fact, which seems to us so clearly error. We cite no authorities. (3) All the instructions given by the court of its own motion submit to the jury an issue that was not and in fact could not come in this case. Defendant says the contract was "I told him (Austin) if he would make the trade by the first of March I would give him $100." Austin says there was no limit. All the evidence showed that before the first of March plaintiff introduced and brought together defendant and Davis and that thereafter they continued the negotiations and finally closed the trade. In such cases all the agent can do is to find the purchaser and get the parties together. The owner can vary the terms or in fact make any trade he sees fit. The agent in such cases has made the trade within the meaning of the contract. *Stinde v. Belsch,* 42 Mo. App. 578. (4) Instruction number 5 asked by plaintiff should have been given as it submitted the issue as to plaintiffs being entitled for services rendered and accepted by defendant. *Scott v. Patterson,* 13 S. W. Rep. (Ark.) 415. (5) Instruction number 4 asked by plaintiffs and refused by the court is in exact line with the decision in the case of *Stinde v. Belsch,* 42 Mo. App. 578. (6) Instruction number 3 asked by plaintiffs and refused by the court is sustained in the case of *Bass v. Jacobs,* 63 Mo. App. 393.

*W. G. Callison* for respondent.

(1) Two instructions are offered by defendant. The first submits to the jury the single proposition, that if they believe that Austin by the terms of his agreement with defendant must sell the land by March 1 and fails to do so, plaintiff could not recover. The legal principle involved herein is that if a party fails to perform his contract, he can not recover in a suit on the contract, a doctrine so well settled everywhere that authorities need not be cited. The second instruction submits the question of abandonment of the contract by plaintiff. This was a question of fact, and it was proper to submit it to the jury. *Bass v. Jacobs,* 63 Mo. App. 396. Both parties produce evidence on the issue thus raised in the trial. It was a material issue in the case. (2) All three of the instructions involve but one proposition in law, based on one question of fact. They recognize the legal right that a landowner has in his property to offer it for sale until a certain date, and if not sold it is no longer on the market. This is but a natural right, interest in ownership, and can not be restricted by human law. The court at the instance of plaintiffs instructed the jury that the burthen of establishing the fact that he had thus limited his contract was on the defendant; this was all they were entitled to in this behalf. (3) Plaintiffs claim there was error in refusing their instructions 2, 3, 4 and 5. These instructions are the converse of instructions given by the court above considered and if the latter were proper, then the former ought to have been refused. While they may present proper abstract questions of law when offered in a case that the facts authorize, their giving would have been manifest error in the case at bar. They are based solely on "the pro-

curement of a purchaser," and ought to have been given in a case of general agency, unlimited as to time.

ELLISON, J.—This action is to recover $100 alleged to be due plaintiffs as real estate agents for procuring an exchange of lands for defendant with W. W. Davis. · The judgment of the circuit court was for defendant. The evidence showed that defendant employed plaintiffs about the middle of February to make the exchange and that plaintiff Austin, perhaps on the day of the employment, brought the parties together. That negotiations began then and continued with plaintiffs' aid until the first of March. That then they ceased for a time when they were taken up by the parties themselves and continued a few days when the trade was made, about the middle of April, on substantially the same terms originally offered while plaintiffs were conducting, or aiding in, the negotiations.

STATEMENT.

There was evidence tending to show that the contract was limited with plaintiffs in point of time to the first day of March and that at that time plaintiffs gave up hope of making the trade and declared their agency in the matter at an end. Under this state of the evidence the court gave the following instructions of its own motion:

"If the jury believes from the evidence that W. W. Davis was brought to a negotiation with defendant while plaintiffs were the agents of defendant in relation to the sale or exchange of defendant's land from information given by plaintiff to W. W. Davis and defendant which resulted in the sale or exchange of the property of defendant they will find for the plaintiffs unless they further find that by agreement Austin was to complete the exchange before the first day of March, 1895.

"2. The court instructs the jury that if the de-

fendant employed the plaintiffs to sell or exchange the land of the defendant on an agreement for a certain amount and if plaintiffs in pursuance of said employment procured or introduced a purchaser who bought the land of the defendant or exchanged other land for defendant's land even though they may find from the evidence that after the plaintiff had found said purchaser, defendant perfected the sale or exchange on different terms than those on which plaintiffs were authorized to sell or exchange of property, they will find for the plaintiffs, unless they further find that the trade or exchange was to be made before the first day of March next thereafter.

"3. The court instructs the jury that if they believe from the evidence that plaintiffs while acting as the agents of the defendant procured a purchaser for the sale or exchange of defendant's land and that said purchaser was procured while their agency was still in force and negotiations were kept up with said purchaser and the negotiations resulted in a sale or exchange, then they will find for the plaintiffs, although they may believe that the plaintiffs' agency expired before the sale or exchange was finally closed, provided they further find that the time for the consummation of said exchange was not limited to the first day of March aforesaid."

It will be observed from these instructions that defendant was to be held liable to plaintiffs notwithstanding the negotiations between the parties which had been brought about by plaintiffs resulted in a trade on different terms than those originally contemplated. And that defendant was still to be held if plaintiffs brought the parties together and set on foot the negotiations, notwithstanding their agency had expired, unless the evidence established that the exchange was,

REAL estate broker: procuring purchaser: termination of contract.

by the terms of the contract, to be limited to March the first. In our opinion these instructions properly presented the law as applied to the evidence in the case. If plaintiffs agreed that they would consummate the exchange by the first of March, and failed, and afterward as a separate undertaking, defendant and Davis, themselves, made the exchange, plaintiffs have no right to compensation from defendant. It may be freely conceded that defendant would have no right to accept of the fruits of plaintiffs' service without compensation. But such service was to consummate the exchange by a given time and was to cease in effort at that time. The fact that plaintiffs brought the parties together, when considered with the further fact, that the full contract time expired without results, ought not to forever debar defendant from disposing of his land to the party found by plaintiffs.

We discover no error in the court's action on plaintiffs' instructions and finding nothing to justify us in interfering with the judgment, we order its affirmance. SMITH, P. J., concurs; GILL, J., absent.