## FELIX L. LaFORCE, Appellant, v. THE WASHINGTON UNIVERSITY, Respondent.

### Kansas City Court of Appeals, May 16, 1904.

1. **REAL ESTATE BROKER: Limit of Agency: Reasonable Time: Definite Period: Commissions.** Where there is no specific time named as limiting a real estate broker's agency, the owner may, after a reasonable time, and in good faith, revoke the agency and sell to the party with whom the broker had been negotiating; and *a fortiori* can he so sell after the expiration of a definite period provided in the contract has expired, and the broker is not entitled to commissions.

2. ———: **Commissions: Provision of the Contract.** Where the contract of agency fixes a net amount for the owner without commission, the broker is not entitled to compensation.

3. ———: **Extension of Time: Construction of Letter.** A letter set out in the opinion is considered and held not to extend the broker's time in which to make a sale.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

*Haff & Michaels* and *L. W. McCandless* for appellant.

(1)   The plaintiff had express authority to act as the agent of defendant from the twenty-first of October, 1901, until the twenty-first of February, 1902.   Alger v. Keith, 105 Fed. (6 C. C. A.) 105; Rees v. Pellow, 97 Fed. (6 C. C. A.) 167; Clark v. Reeder, 40 Fed. 515; s. c., 158 U. S. 523; Chezum v. Kreighbaum, 4 Wash. 680; Crittenden v. Armour, 80 Ia. 221; Hough v. Richardson, 3 Story (U. S. C. C.) 659; Doggett v. Emerson, 3 Story (U. S. C. C.)700; Daniel v. Mitchell, 1 Story (U. S. C. C.) 172; Williams v. Railway, 153 Mo. 487; Carter v. Foster, 145 Mo. 383; Ellis v. Harrison, 104 Mo. 279; Ide v. Leiser, 10 Mont. 11; Saddlery Co. v. Kingman & Co., 42 Mo. App. 214; Smith v. Van Wyck, 40 Mo. App. 525; Lumber Co. v. Warner, 93 Mo. 384; Edwards v. Smith, Admr., 63 Mo. 126; Kuntz v. Tempel, 48 Mo. 78.
(2)   The plaintiff had implied authority to act as the agent of defendant from the twenty-first of February, 1902, until the twenty-sixth of March, 1902.   Strother v. DeWitt, 98 Mo. App. 298; Veatch v. Norman, 95 Mo. App. 505; Stringfellow v. Elsea, 45 S. W. 418; Kerr v. Cusenbary, 60 Mo. App. 563; Ellis v. Dunsworth, 49 Ill. App. 190; Painter v. Ritchey, 43 Mo. App. 113; State ex rel. v. Holladay, 61 Mo. 319; Redfield v. Tegg, 38 N. Y. 213.   (3)   The plaintiff was the procuring cause of the sale of defendant's property.   Veall v. Green, — Mo. App. —;McCormack v. Henderson, 75 S. W. 171; Hogan v. Slade, 95 Mo. App. 44; Veatch v. Norman, 95 Mo. App. 500; Grether v. McCormick, 79 Mo. App. 325; Wright v. Brown, 68 Mo. App. 577; Henderson v. Mace, 64 Mo. App. 393; Day v. Porter, 60 Ill. App. 386; Gelatt v. Ridge, 117 Mo. 553; Brennan v. Roach, 47 Mo. App. 290; Stinde v. Blesch, 42 Mo. App. 578; Wetzell v. Wagoner, 41 Mo. App. 509; Jones v. Berry, 37 Mo. App. 125; Smith v. McGovern, 65 N. Y. 574; Sussdorf v. Schmidt, 55 N. Y. 319; Tyler v. Parr, 52 Mo.

249. (4) The plaintiff is entitled to compensation for his services as agent. Veatch v. Norman, 95 Mo. App. 500; Remedy Co. v. Grocer, 90 Mo. App. 53; Rees v. Pellow, 97 Fed. (6 C. C. A.) 167; Page v. Griffin, 71 Mo. App. 524; Green v. Cole, 127 Mo. 601; Glover v. Henderson, 120 Mo. 377; Knox v. Parker, 2 Wash. 37; Massey v. Young, 73 Mo. 273; Baldwin v. Whitcomb, 71 Mo. 658.

*Lathrop, Morrow, Fox & Moore* and *Samuel W. Sawyer* for respondent.

(1) The option contract of October 21, 1901, did not make the plaintiff the defendant's agent to sell the property in question. 21 Am. and Eng. Ency. Law (2 Ed.), 924, 1084; Boggs v. Pacific Co., 171 Mo. 282; Tracy v. Iron Works, 104 Mo. 193; Gorton v. Rice, 153 Mo. 676; Bank v. Cushman, 66 Mo. App. 102; Kenefick v. Missouri Co., 72 Mo. App. 381; Mfg. Co. v. Hunter, 87 Mo. App. 50; Mfg. Co. v. Jaeger, 81 Mo. App. 239; Alger v. Keith, 105 Fed. 105, 44 C. C. A. 371; McConkey v. Peach Co., 68 Fed. 830, 16 C. C. A. 8; Southack v. Lane, 52 N. Y. Supp. 687; Renard v. Sampson, 12 N. Y. 561; Graham v. Sadlier, 165 Ill. 95, 46 N. E. 221; Ide v. Leiser, 10 Mont. 5, 24 Pac. 695, 24 Am. St. 17; Black v. Maddox, 104 Ga. 157, 30 S. E. 723; Cummings v. Realty Co., 86 Wis. 382, 57 N. W. 43. (2) The plaintiff was not otherwise made an agent by the defendant. Morawetz, Corp. (2 Ed.), sec. 537; 3 Cook, Corp. (4 Ed.), secs. 712, 716; 4 Thompson, Corp., sec. 4652; Trust Co. v. Bridges, 57 Fed. 753, 6 C. C. A. 539; Tobin v. Railroad, 86 Fed. 1020; Extension Co. v. Skinner, 28 Colo. 237, 64 Pac. 198; Castner v. Richardson, 18 Colo. 496, 33 Pac. 163; Groeltz v. Armstrong Co., 115 Ia. 602, 89 N. W. 21; Samuels v. Luckenbach, 205 Pa. St. 428, 54 Atl. 1091. (3) The plaintiff was not the procuring cause of the sale which was made. 23 Am. and Eng. Ency. of Law (2 Ed.), 918, 44 L. R. A. 321; Loving v. Cattle Co., 176

Mo. 330; Ramsey v. West, 31 Mo. App. 676; Wolff v. Rosenberg, 67 Mo. App. 403; Pollard v. Banks, 67 Mo. App. 187; Yoder v. White, 75 Mo. App. 155; Haden v. Grillo, 26 Mo. App. 289.    (4)    Even if plaintiff had had an agency he would not be entitled to commissions on a sale made after its termination in the absence of bad faith on the part of the defendant.    Loving v. Cattle Co., 176 Mo. 330; Cosgrove v. Leonard, 175 Mo. 100; Beauchamp v. Higgins, 20 Mo. App. 514; Page v. Griffin, 71 Mo. App. 524; Gaty v. Foster, 18 Mo. App. 639; Jones v. Berry, 37 Mo. App. 125; Cox v. Bowling, 54 Mo. App. 289; Crowley v. Somerville, 70 Mo. App. 376; Henkel v. Dunn, 97 Mo. App. 671; Warren v. Cram, 71 Mo. App. 638; Gregg v. Loomis, 22 Neb. 174, 34 N. W. 355; Rees v. Pellow, 97 Fed. 167, 38 C. C. A. 94; Sullivan v. Milliken, 113 Fed. 93, 51 C. C. A. 79; Alden v. Earle, 121 N. Y. 688, 24 N. E. 705; Wylie v. Bank, 61 N. Y. 415; Sibbald v. Iron Co., 83 N. Y. 378, 38 Am. 441; Frey v. Klar, 69 S. W. 211; Neal v. Lehman, 11 Tex. Civ. App. 461, 34 S. W. 153; Fultz v. Wimer, 34 Kan. 576, 9 Pac. 316; Gillett v. Corum, 5 Kan. 608; Watts v. Howard, 51 Ill. App. 243; Stedman v. Richardson, 100 Ky. 79, 37 S. W. 259; Fairchild v. Cunningham, 84 Minn. 521, 88 N. W. 15; Cullen v. Bell, 43 Minn. 226, 45 N. W. 428; Zeimer v. Antisell, 75 Cal. 509, 17 Pac. 642.    (5)    If there had been any agency, it could only have been at a ''net to me'' price of $56,500, and since defendant did not net more than this sum, plaintiff would not be entitled to anything. Crowley v. Somerville, 70 Mo. App. 376; Frey v. Klar, 69 S. W. 211; Autisdel v. Canfield, 119 Mich. 229, 77 N. W. 944; Babcock v. Merritt, 1 Colo. App. 84, 27 Pac. 822.

ELLISON, J.—This action was instituted by plaintiff to recover a commission for the sale of real estate in Kansas City, Missouri, belonging to defendant.   The

trial court found against the plaintiff and judgment being entered for defendant the former appealed.

It appears that the plaintiff resided in Kansas City and that the defendant was at St. Louis, and that they entered into a written contract concerning the sale of the property. This contract was executed on the twenty-first of October, 1901, and was to be enforced for the limited time of ninety days, which period expired January 21, 1902. But some ten or twelve days before the limit expired it was extended, by mutual agreement, for a period of thirty days further, such extension expiring on February 21, 1902. Before the contract was executed, plaintiff thought he could sell the property if he had the exclusive control of it; he had especially in view, as purchasers, a firm of wholesale merchants in Kansas City. We here set out the contract:

"Kansas City, Mo., Oct. 21, 1901.

"This memorandum of agreement by and between Washington University, a corporation under the laws of Missouri, party of the first part, *of St. Louis, Missouri,* and Felix L. LaForce, of Jackson county, Missouri, party of the second part, witnesseth: Said party of the first part for and in consideration of the sum of one dollar paid by second party, the receipt of which is hereby acknowledged, does hereby give the said second party the exclusive option and privilege, to buy their southeast corner of Eighth and May streets, Kansas City, Missouri (describing it). The price agreed upon by said first party to sell to said second party, is the sum of fifty-six thousand and five hundred dollars, net, for the 150x142 feet, no commission to be paid by said first party.

"Terms: Cash, or one-third cash; deferred payments to bear interest at five per cent from January 21, 1902.

"This contract or option to purchase is to run for ninety days from this date. In the event of purchase

by the said second party, or his assigns, the said first party is to convey said real estate free and clear of all encumbrance, except West Terrace Park assessment and they also agree to furnish a complete abstract from government down to date; also certificates as to judgment and taxes.

"In the event second party elects to buy said real estate within the time herein agreed, or sells the same, the said first party is to give the second party, or his assigns, thirty days extra time to examine title and close the deal. Said thirty days extra time is to date from the date of expiration of this contract.

"In the event said second party fails to take advantage of the terms of this contract, as herein specified, this instrument becomes void."

On the reverse side is the following:

"St. Louis, Mo., Jan. 10, 1902.

"By mutual consent the above contract is extended until February 21, 1902."

During the first ninety days' period plaintiff made diligent effort to sell, but towards the latter part he saw he would not be able to consummate a sale within the time limited and he sought an extension for another period of ninety days. The defendant refused that length of time, but did extend the contract for a period of thirty days, as already stated and as is shown in the copy just set out. Plaintiff faithfully pursued his endeavor to sell through the extended time but without success. He endeavored to obtain another extension within which he hoped to make a sale, but defendant refused. Several months after the expiration of the extended time, defendant sold the property to the wholesale firm with whom plaintiff had been negotiating from the beginning. Plaintiff claimed the usual and customary commission on sales of that magnitude which defendant refused to pay, contending that it was under no obligation to pay any amount.

The parties agree, as, of course, they must, that the written contract governs and determines their relations. Plaintiff's contention is that the contract secured to him an option on the property and also an agency to sell it; or that as to an agency, it was, at least, ambiguous, and that when interpreted with the aid of evidence, consisting principally of prior correspondence, it became manifest that plaintiff had an agency as well as an option. Defendant's position is that the contract is not ambiguous and that it merely gave plaintiff an option on the property at the price named for the period to which it was extended. Plaintiff's contention is based on the words in the latter part of the contract: "In the event second party elects to buy said real estate within the time herein agreed, or sells the same," the first party is to give time to examine title, etc. But defendant takes the further position, that if it be conceded that the contract in addition to giving plaintiff an option, also made him an agent to sell the property, yet the agency was specifically limited to a certain time and the sale not having been made within that time, he can not recover. Since the case may be disposed of on the latter suggestion of the defendant, we will consider it from that standpoint, thereby rendering it unnecessary to say whether the writing was expressed in such plain and unambiguous terms as not to require the aid of extrinsic evidence.

So conceding that the contract made plaintiff an agent to sell, it is manifest that such agency was a definite and limited agency in the following particulars, viz.: that it was for a specific period (including extension) of one hundred and twenty days from October 21, 1901; that the price should be $56,500; and that there was to be no commission charged. It is conceded that the sale was not made within the time limited. Now, the law is that even where there is no specific time named as limiting the agency, and a reasonable time elapses without a sale (circumstances considered) the

owner may, in good faith, without design to avoid payment of commission, revoke the agency and sell to the party with whom the agent had been negotiating. Sibbald v. Iron Co., 83 N. Y. 378; Wylie v. Bank, 61 N. Y. 415; Steadman v. Richardson, 100 Ky. 79; Fairchild v. Cunningham, 84 Minn. 521.

By much greater reason therefore should it be said that, where parties stipulated that an agency to sell another's property is limited to a definite period, it will terminate at that period; and if a sale has not been made within the time, no compensation (in the absence of fraud) can be recovered on account of a subsequent sale by the owner. The law has been repeatedly so declared. Page v. Griffin, 71 Mo. App. 524; Beauchamp v. Higgins, 20 Mo. App. 514; Steadman v. Richardson, 100 Ky. 79, 83; Autisdel v. Canfield, 119 Mich. 229, 236. Mechem in his work on Agency, sec. 965, says: "It will be seen from this rule that when the time is limited the performance must be *within that time* and the broker will not be entitled to commissions because efforts begun within that time bear fruit after its expiration." It seems that the plaintiff must have recognized that such was the law, for he incorporated in the contract a stipulation which protected him, in case the time should expire after he had made the sale, but before it was consummated, viz.: that in the event he should sell the property "within the time herein agreed," the defendant would give "thirty days' extra time to examine the title and close the deal."

And that is not all: if the contract is to be construed as creating an agency, it was not only for a specific time, but it was authority to dispose of it for a designated net sum, without commission. The contract and the subsequent correspondence of the parties disclose, without doubt or question, that the parties understood that defendant would be satisfied to receive the amount named and that plaintiff was to have all over that amount he could obtain for the property. Upon

that basis plaintiff sought, and very properly sought, to obtain a price several thousand dollars in advance of the price named in the contract. If he had been successful his compensation would have been many fold greater than the sum he now claims. The compensation for plaintiff's labor was contingent; if he succeeded, it might be very large; and if he failed, it would be nothing.

But plaintiff submits as a part of his theory of the case, and as justifying his appeal from the judgment of the trial court, that he "had implied authority to act as the agent of defendant from the twenty-first of February, 1902, until the twenty-sixth of March, 1902," when, as is claimed, defendant curtly wrote him that it did not consider he had any interest in the matter. There is nothing whatever upon which to base this contention. In support of it a great deal was said in argument about a letter which defendant wrote to plaintiff dated February 12, 1902, in reply to plaintiff's letter asking for another extension of his time. Plaintiff interprets the letter as supporting his contention. It reads as follows:

"February 12, 1902.

"Dear Mr. LaForce: I have your letter of February 10, and have discussed the matter of renewing your option with Mr. Brookings. He has decided not to extend the option further. He feels that the time is approaching when, if ever, we must sell the property, and he prefers to keep this in his own hands. We hope you can place it, and would be very glad to assist you in doing so."

It is too plain for doubt that the letter does not bear such interpretation. It is the last sentence upon which plaintiff relies. That sentence refers to the time yet remaining to plaintiff—the period between the date of the letter and the expiration of the extended limit which had been given him. He was in constant hope

and expectation of making the sale and, as has been stated, it was provided in the contract that if he made it within the time he should have thirty days' additional for examination of title, etc. It was in view of these considerations that defendant expressed the hope that he would yet sell. He had written to defendant asking another extension of time and in a prompt answer defendant refused to extend, but quite naturally expressed the hope that he would yet make the deal under his contract as it was. Moreover, the subsequent letters which plaintiff thereafter wrote to defendant, dated February 17, March 18 and twenty-fifth, show, in terms, that he was desiring and hoping for another extension of the contract. There is no suggestion that he had any right under the letter set out above, or that he had any other authority than that set forth in the contract. But defendant having already explicitly refused to extend the time, gave no heed to the letters until the receipt of the last one, which stated that plaintiff interpreted the letter of February 12 as yet authorizing him to sell and that he yet expected to succeed, and again asking that the contract be extended. Immediately on receipt of this, defendant's president answered that "I wish to simply reiterate that your option having expired on February 21, and renewal by your request having been declined, we certainly do not consider that you have any interest in any way."

It would be most unreasonable to interpret the letter of February 12 as authorizing an agency apart from, and outside of the contract. It would have been an agency without naming price and terms of sale, or compensation for selling.

The foregoing discloses that in our opinion, the law is absolutely against plaintiff's case, considered from any legitimate standpoint of the record. Our view of the law makes it wholly unnecessary to consider many points urged by plaintiff in argument. Though we will add that, if the correspondence between the par-

ties prior to finally entering into the contract, had been admitted in evidence, as desired by counsel, it could in no way have changed the legal aspect of the case. There is no doubt that plaintiff made a faithful and diligent effort to sell the defendant's property and that in denying him any relief his effort must go without remuneration. But that results from the nature of the contract, the terms of which (as already intimated) were such, that if he had succeeded in his expectations, he would have made a large sum of money; and if he failed, his labor was to be without reward.

In view of the foregoing we feel constrained to affirm the judgment. All concur.