AARON H. GOOD, Respondent, v. JOSEPH ROBINSON, Appellant.

St. Louis Court of Appeals, April 4, 1916.

**REAL ESTATE BROKERS: Right to Commission: Sale by Owner.**
A real estate broker is not entitled to a commission on a sale made by the owner to a customer of the broker, although the purchase price was less than that the broker was authorized to sell for, where the owner allowed the broker a reasonable time to effect a sale in accordance with the terms of the contract of em

ployment before revoking the agency and did not conduct any negotiations for the sale with such customer during the time the broker was authorized to sell.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

REVERSED.

*Davis Biggs* for appellant.

(1) Defendant's instruction in the nature of a demurrer to the evidence should have been given by the court. Bassford v. West, 124 Mo. App. 248; Hughes et al. v. Dodd, 164 Mo. App. 460; Graf & Case R. E. Company v. Lovell, 163 S. W. 878; Loving Company v. Cattle Company, 176 Mo. 336; Jennings v. Overholt, 186 Mo. App. 505; Burdett v. Parish, 185 Mo. App. 605; Ross v. Major, 178 Mo. App. 431; Gerhart R. E. Company v. Real Estate Co., 144 Mo. App. 620; Downing v. Buck, 135 Mich. 636; Babcock v. Merritt, 1 Col. App. 89; Watts v. Howard, 51 Ill. App. 245; Ames v. Lamont, 107 Wis. 531. (2) The acts of the plaintiff Good were not the procuring cause of the sale, and therefore he is not entitled to a commission. Blackwell v. Adams, 28 Mo. App. 61; Wolf v. Rosenburg, 67 Mo. App. 403; Gamble v. Grether, 108 Mo. App. 340; Stevens v. Bacher, 162 Mo. App. 284. (3) Conceding the employment of Good, he had a reasonable time for the performance of the contract, and thereafter Robinson had the right to revoke the agency and sell to Manegold without incurring liability to his discharged agent Good. Dodge v. Childers, 167 Mo. App. 455. (4) Under the evidence plaintiff Good was acting in behalf of the purchaser Manegold, which deprived him of the right to a commission from the defendant Robinson.

No brief filed for respondent.

NORTONI, J.—This is a suit by a rea state agent for commissions on the alleged sale of defendant's property. Plaintiff recovered and defendant prosecutes the appeal.

It appears that plaintiff, in company with his customer, one August Manegold, called at defendant's residence in the early part. of. May and inquired if defendant desired to sell his. property. Manegold was seeking similar property in that neighborhood. Defendant said he would sell it and priced it at $9000. Thereupon plaintiff, together with Manegold and defendant, looked through the property, and it is said defendant agreed to pay plaintiff a commission of two and one-half per cent if he sold it to Manegold at the price of $9000. Plaintiff instructed defendant to call at his office on the following morning and this defendant, did. On defendant's calling at plaintiff's office, plaintiff submitted an offer to him of $8250 for the property, but this was promptly declined. Nothing further was done about the matter until a week or two thereafter, when, it is said, defendant reduced his price to $8750 and agreed to pay plaintiff a commission on the sale at that figure. Plaintiff never obtained from Manegold an offer to exceed $8500 on the property and defendant persistently refused to accept it. Finally, about the tenth of June, plaintiff approached defendant and sought to induce him to accept $8500 for the property, but defendant declined to do so, and thereupon terminated his authority in respect of the matter. In July, defendant sold the property directly to Manegold for $8400, and plaintiff sues for a commission on the purchase price, in the view that he was the procuring and inducing cause of sale.

It is clear enough that the judgment for plaintiff may not be sustained on the evidence before us, in that plaintiff was not authorized to negotiate touching a sale of the property at all except under special contract,. and his authority was revoked by defendant after a reasonable time had expired. It appears from plaintiff's own evidence that, in the first instance, he was authorized to sell the property to Manegold for $9000 cash, and was to receive a commission of two and one-half per cent on the sale. This he failed to do. Shortly thereafter, he persuaded defendant to reduce

the price, and he was authorized to negotiate the sale at $8750, and nothing less. This, it is conceded, he failed to do, for at no time did he receive an offer to exceed $8500 on the property. On the tenth of June, defendant declined point blank to accept this amount and notified plaintiff, as plaintiff says, that his authority was revoked entirely.

This court has but recently, through Judge ALLEN, declared the law in such circumstances as follows:

"Where a special contract exists, it is elementary that the broker must show that he has fully complied with the terms and conditions thereof before he is entitled to recover, for otherwise he has not completed his undertaking and has earned no commission. In such a case the owner may, in good faith, insist upon the exact price, or the fulfillment of other terms of the contract, and refuse to make a sale to the broker's customer on any modified terms; and if the broker fails to perform, after being allowed full opportunity so to do, the owner may in fact thereafter, as a new deal, sell the property to the broker's customer on more favorable terms, without incurring liability to the broker. [Blackwell v. Adams, 28 Mo. App. 61; LaForce v. Washington University, 106 Mo. App. 517, 81 S. W. 209; Tooker v. Duckworth, 107 Mo. App. 231, 80 S. W. 963; Stevens v. Bacher, 162 Mo. App. 284, 141 S. W. 1143; Hughes v. Dodd, 164 Mo. App. 454, 146 S. W. 446; McCormick v. Obanion, 168 Mo. App. loc. cit. 615, 153 S. W. 267.] But even in such cases if the owner chooses to deal with the broker's customer at a lower price or upon other terms, while the broker's agency remains unrevoked, and he is still working with his customer at the price and upon the terms named to him, the owner will be liable to the broker for commissions upon a sale so consummated by him with the broker's customer. [See Wetzell & Griffith v. Wagoner, 41 Mo. App. 509; Larow v. Bozarth, 68 Mo. App. 407; Grether v. McCormick, 79 Mo. App. 325; Nichols v. Whitacre, 112 Mo. App. 692, 87 S. W. 594; Hovey & Brown v. Asron, 133 Mo. App. 573, 113

S. W. 718; Lane v. Cunningham, 171 Mo. App. 17, 153 S. W. 525.]'' [Jennings v. Overholt, 186 Mo. App. 505, 172 S. W. 449, 451.]

In the instant case, it appears that plaintiff's authority was under a special contract at first to sell at $9000, and subsequently modified to sell at $8750. This was the limit of his authority, and defendant declined, when requested to do so, to authorize a sale for a less price. Moreover, after plaintiff had endeavored for several weeks to interest the proposed purchaser at the prices made, his authority in respect of the matter was revoked entirely. There is nothing in the case to suggest that plaintiff was authorized to find a purchaser on terms to be agreed upon between the defendant and the purchaser, and there is no evidence to indicate that defendant negotiated with Manegold during the time that plaintiff was authorized to sell under the special contract above mentioned, although it does appear that, some time after defendant had revoked plaintiff's authority, defendant sold the property to Manegold at a less price than that at which plaintiff was authorized to sell it. It is clearly a case of special authority terminating after a reasonable time had elapsed. Obviously no recovery may be had by plaintiff in such circumstances on account of the sale made by defendant, for at most his authority and right of recovery, if any, arose from the special contract, under which he confesses he was unable to consummate a sale, and it was competent for defendant to revoke the authority of the agent, as he did, after a reasonable time for effecting the sale had elapsed, and sell the property to whomsoever he could at a price to suit him.

The judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.