## C. W. YOUNGMAN, Respondent, v. W. L. MILLER and HOWARD E. MILLER, Appellants.

St. Louis Court of Appeals. Opinion Filed May 2, 1922.

BROKERS: Real Estate Brokers: Commissions: Excess of Net Price to Owner: Consumated Sale: Proof. The general rule of brokerage contracts that the broker is entitled to his commission when he brings to the seller a purchaser and the seller accepts such purchase by entering into a valid, binding and enforceable contract of sale with him, even though the purchaser afterwards refuses to carry out the contract, is without controlling application where the contract is special and provides for a net price to the owner and for a commission to the broker dependent upon the seller securing an amount exceeding such net or selling price, it being incumbent upon the broker in order to recover under the special contract, to prove that the sale was consummated; that is, the payment of an amount exceeding the net price but the seller could not defeat the broker's commission by refusing to carry out the contract.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Geo. H. Shields,* Judge.

REVERSED AND REMANDED (*with directions*).

*Marion C. Early* for appellants.

(1)  Where the broker's contract of employment provides for a net price to the owner, or for a commission out of or to consist of the excess above a stated selling price, such contract is generally construed as requiring, as a condition to the right to the agreed commission, an actual or completed sale for an amount exceeding such net or selling price.  Burnett v. Potts, 236 Ill. 499; Munroe v. Taylor, 191 Mass. 483; Murphy v. W. W. Live Stock Co. (Wyoming Sup. Ct.) 189 Pac. 857; also 187 Pac. 189; Emery v. Atlanta Real Estate Exchange, 88 Ga. 321; Noyes v. Caldwell, 216 Mass. 525; Ford v. Brown, 120 Cal. 551, 52 Pac. 817; Beale v. Bond, 84 L. T. Rep. 313 (Eng. case).  (2)  Whenever a real estate broker enters into a contract with his principal by the terms of which a completed transaction is contemplated, he is bound by the terms of his contract and cannot recover on the theory that the same rules apply to his special contract as are applicable to the customary contract to secure a purchaser who is ready, able and willing to buy.  Pratt v. Irwin,—Mo. App.—189 S. W. 398; Holton v. Job Iron & Steel Co., 204 Fed. 947; Hopkins v. Settles, 46 Okla. 801; Power v. Kane, 5 Wis. 265; Flower v. Davidson, 44 Minn. 46; Beatty v. Russel, 41 Neb. 321; Wolverton v. Tuttle, 51 Or. 501; Karr v. Moffett et al. (Kan. Sup.), 185 Pac., 890; Walker v. Tirrell, 101 Mass. 257; Irwin v. Martin, 146 N. Y. Sup. 126; Seabury v. Fidelity, etc. Co., 205 Pa. 234 (decision proper, as syllabus is misleading).  (3)  "It is elementary law that when a contract is made upon a certain named condition, a party seeking to recover under such contract must bring himself within such condition.  This rule applies to a broker's contracts as well as to others."  Hughes & Thurman v. Dodd, 164 Mo. App. 454; Cies v. Gale, 168 Mo. App. 282; Wilson v. Rafter, 188 Mo. App. 356.

*Thos. O. Stokes* and *Blodgett & Rector* for respondent.

(1) If an agent takes a purchaser to the seller and the seller accepts such purchaser by entering into a written contract of sale with such purchaser, then the agent's commission becomes due, unless by special agreement a different time of payment was fixed in the agent's contract with the seller. Stone v. McConnell, 187 S. W. 884. (2) Proof that a purchaser is ready, willing and able to purchase is dispensed with where the seller and purchaser enter into a written contract of sale. Knisely v. Leathe, 256 Mo. 341; Knisely v. Leathe, 178 S. W. 453. (3) The fact that the agent's contract in the suit at bar is a "net price" contract does not make it necessary for the purchase price of the mine to be actually paid before respondent is entitled to his commission. Respondent was entitled to his commission as soon as appellants and the purchasers entered into the written contract of sale. Love v. Owens, 31 Mo. App. 501; Hayden v. Grillo, 35 Mo. App. 647; Lunney v. Healey, 44 L. R. A. 593 (Neb. Supreme Court); Notes in 43 L. R. A. 593 and 44 L. R. A. 593; Goldsberry v. Thomas, 178 Mo. App. 334; Goldsberry v. Eades, 161 Mo. App. 8; Frye v. Warren, 190 Mo. App. 192; See also authorities under point 4. (4) The terms "to sell" and "to procure a purchaser" are synonymous. Love v. Owens, 31 Mo. App. 501; 4 Words & Phrases (Second series), pages 516 ff; Grinde v. Chipman, 185 N. W. 288 (Wis. Supreme Court; Klipper v. Schlossberg, 115 Atl. 345 (N. J. Supreme Court). (5) If a seller refuses to give the purchaser a reasonable opportunity for his counsel to examine and verify the abstract of title, and the sale is not consummated for this reason, the seller is liable to the agent for his commission. Stewart v. Chittick, 222 S. W. 863; Gerhart v. Peck, 42 Mo. App. 644; Christensen v. Wooley, 41 Mo. 53.

BRUERE, C.—Plaintiff sues to recover two thousand dollars as a broker's commission on the alleged sale of defendants' mine.

The petition, in substance, charged that the defendants were the owners of a coal mine known as the "Ruby Mine;" that on the 4th day of June, 1917, plaintiff entered into a verbal contract with defendants, whereby defendants agreed that if plaintiff would procure a purchaser for said "Ruby Mine" that they, the defendants, would pay the plaintiff all that said "Ruby Mine" sold for over and above the sum of forty thousand dollars; that thereafter plaintiff secured a purchaser for said mine, who purchased the same, on the 18th day of June, 1917, at the sum of forty-two thousand dollars; that said sum was due and owing by the defendants to the plaintiff and payment thereof had been refused by the defendants.

The answer of defendant W. L. Miller was a general denial. Howard E. Miller admitted the ownership of the mine, but denied the other allegations of the petition.

At the close of plaintiff's evidence the defendants offered and the court gave a peremptory instruction to find for the defendants; thereupon plaintiff took an involuntary non-suit with leave to set same aside. On motion of plaintiff, filed in due time, the court set aside and vacated the order and judgment dismissing plaintiff's cause of action.

The defendants appeal from this ruling granting plaintiff a new trial.

It appears that plaintiff met the defendants during the first week in June, 1917, and inquired of them what they asked for their mine. They told him they wanted the mine to *net* them forty thousand dollars cash. Plaintiff asked them what commission they would pay if the mine was sold for that amount and they told him they would not pay any commission on said sum, but if he sold the mine for more, he could have the excess.

After this interview and on the 18th day of June, 1917, Mr. Boehmer, Dr. Hill and Eugene Freund were

taken by plaintiff to the office of defendants and intro-duced to them and they took up the matter of buying the mine. At this meeting the defendant Howard Miller drew up a receipt which was signed by him as seller and Dr. Hill as trustee of the Ruby Mine, purchaser, and Dr. Hill gave Mr. Miller his check for one thousand dollars. Said receipt reads as follows:

"Miller Coal and Coke Company, Miners and Ship-pers, Railway Exchange Building, St. Louis, Missouri, June 18, 1917.

Received of blank, the sum of blank dollars as earnest money, on account of the purchase of a certain parcel of property known as Ruby Mine, and being situ-ate in Caseyville Township, in the State of Illinois, which·property is this day sold to him for the total sum of forty-four thousand dollars ($44,000), payable all in cash, at the office of the Miller Coal and Coke Company in the City of St. Louis, Missouri, on or before Saturday, June twenty-third, 1917, twelve o'clock noon.

"The title to said property to be continued and brought down to date and to be conveyed by warranty deed, free from liens and encumbrances; and taxes that are due and payable, if upon examination, the title proves to be defective, and cannot be made good within five days' time, the sale shall be off, and the earnest money returned and a reasonable fee or cost for investigation of said title, not to exceed twenty-five dollars, . . . ."

At the request of plaintiff the purchase price, named in the receipt, was subsequently changed to forty-two thousand dollars.

It appears that on the 23rd of July, 1917, Mr. W. L. Miller notified plaintiff that the abstract to the mine had been brought down to date, and on the following day plaintiff and Mr. Bernard Bogy, who represented the pur-chasers, went to defendants' office to examine it.

After Mr. Bogy had finished looking over it he told Howard E. Miller that there was something about it that he did not understand and that he desired to compare it with the original records in Illinois, which request Mr.

Miller refused by saying that he would not let the abstract out of his office. The purchasers refused to accept the title without comparing the abstract with the records in the recorder's office and the contract of sale was never consummated and nothing further was done in the way of carrying out the proposed deal.

The defendants contend that inasmuch as the sale of the mine was not consummated the plaintiff cannot recover.

The plaintiff bases his right to recover under the general rule of brokerage contracts that the broker is entitled to his commission when he brings to the seller a purchaser and the seller accepts such purchaser, by entering into a valid binding enforceable contract of sale with him, even though the purchaser afterwards refuses to carry out the contract. [Knisley v. Leathe, 256 Mo. 372; 166 S. W. 257; Pratt v. Irwin, 189 S. W. 399; Bird v. Rowell, 180 Mo. App. 426, 167 S. W. 1172; Hayden v. Grillo, 35 Mo. App. 653; Stone v. McConnell, 187 S. W. 884.]

It will be noted that this is not a contract to pay commission in the ordinary way, but a very special contract which provides for a net price to the owner, and for a commission to the broker dependent upon the seller securing an amount exceeding such net or selling price. The seller did not agree to pay any commission. Under the terms of the contract the broker was to look to the purchaser for his compensation or depend upon such sum as the purchaser paid in excess of the net price stated. The contract was in effect on option to sell to the plaintiff or his nominee at a fixed price. Under the contract the plaintiff undertook not only to find a purchaser but to complete a sale, which meant the payment of the selling price. The general rule aforesaid is therefore without controlling application in the instant case.

It was incumbent on the plaintiff in order to recover under the contract to prove that the sale of the mine was consummated, that is to prove the payment of an amount exceeding forty thousand dollars.

Of course the seller could not defeat plaintiff's commission by willfully refusing to carry out the contract, but it does not appear that the defendants at any time refused to make a proper deed of conveyance for the mine. Under the evidence the peremptory instruction to find for the defendants was properly given. [La Force v. Washington University, 106 Mo. App. 524, 81 S. W. 209; Wilson v. Rafter, 188 Mo. App. l. c. 365, 174 S. W. 137; Hughes & Thurman v. Dodd, 164 Mo. App. 458, 146 S. W. 446; Lombart v. Sills, 170 Mo. App. 558, 157 S. W. 93; Good v. Robinson, 194 Mo. App. 456, 184 S. W. 453; Cies v. Gale, 168 Mo. App. 285; 153 S. W. 1088; Hopkins v. Settles, 46 Okla. 806; Murphy v. W. & W. Live Stock Co., 189 Pac. 858; Wolverton v. Tuttle, 94 Pac. 962; Columbia Realty Ins. Co. v. Alameda Land Co., 168 Pac. 67; Noyes v. Caldwell, 216 Mass. 526; Munroe v. Taylor, 191 Mass. 484; Beale v. Bond, 84 L. T. R. 314; Seabury v. Fidelity Ins. etc., Co., 205 Pa. 239; Burnett v. Potts, 236 Ill. 500.]

Entertaining the view as herein expressed it results in the conclusion that the judgment of the trial court should be reversed and the cause remanded with directions to reinstate the former order and judgment herein dismissing plaintiff's cause of action. The Commissioner so recommends.

PER CURIAM.—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly reversed and the cause remanded with directions to reinstate the former order and judgment herein dismissing plaintiff's cause of action. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.