## TIERNEY v. YOUNG.

(Circuit Court of Appeals, Eighth Circuit. January 31, 1927.)

No. 7287.

1. **Libel and slander** ⬸123(1)—**Evidence as to publication of slander held for jury.**

In suit for damages for an alleged slander, evidence as to publication by defendant *held* sufficient for consideration of jury.

2. **Libel and slander** ⬸101(3)—**Plaintiff must prove slanderous words were published by defendant.**

Plaintiff in action for damages for slander has burden of proving words published and that defendant was responsible for publication.

3. **Evidence** ⬸220(2)—**Defendant's admission that he made publication of slander is evidence showing publication by him.**

Publication of slanderous words may, like any other fact, be proved by any competent or relevant evidence, and defendant's admission of publication complained of is evidence showing publication by him.

4. **Libel and slander** ⬸123(1)—**Weight of defendant's admission of publication of slanderous words is for jury.**

The weight of an admission by defendant of publication of alleged slanderous words is for jury.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit by Margaret Tierney against Glyndon A. Young. Judgment for defendant, and plaintiff brings error. Reversed.

M. F. Harrington, of Omaha, Neb., for plaintiff in error.

A. R. Davis, of Wayne, Neb., and R. J. Shurtleff, of Norfolk, Neb., for defendant in error.

Before KENYON and BOOTH, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge. Plaintiff in error filed suit in the District Court of the United States for the District of Nebraska, Norfolk Division, to recover damages for an alleged slander. At the conclusion of the testimony offered by the plaintiff, the District Judge sustained defendant's motion for a directed verdict and the correctness of this ruling is the only question presented by the writ of error. The grounds stated by the trial court, upon which the motion for a directed verdict was sustained, was that there was not sufficient proof of the publication of the slander.

[1] Plaintiff, a resident of Rapid City, S. D., in September, 1922, was employed to teach in the city schools in Norfolk, Neb., and, while in attendance upon her duties, resided at the home of the defendant, a physician in the town. While residing at the defendant's home, the defendant lost a diamond ring. Under circumstances not necessary to set forth here, the defendant accused the plaintiff of stealing the diamond ring, and the record disclosed that the defendant stated to the plaintiff, while engaged in conversation with her at his home, "that the school board would know all about it, and I (plaintiff herein) would never be able to return to Norfolk to teach. * * * I will see that the school board knows this, and that everybody in Norfolk knows it, and you will never be able to come back here. * * * I will report this to the police authorities, and they will have a way of making you give it up. They have ways of making people give up those things. They will put you through the third degree." The record contains the positive testimony of the plaintiff that the defendant admitted to her that he told a Mr. Siman, superintendent of schools of Norfolk, and one Pilger, a police officer, that plaintiff had stolen the diamond ring from him. The record further discloses that the plaintiff offered evidence of the members of the school board of the town of Norfolk to the effect that they had received information of the accusation, but, as it was not shown that the information concerning the loss of the ring in question came directly from the defendant, the trial court excluded the same upon objection of the defendant's counsel. This evidence tended to prove the publication of the alleged slander, in view of the defendant's admission to the plaintiff. The record further discloses that the plaintiff's testimony establishes that the police officer, Pilger, called to see plaintiff at defendant's home, and accused her of having stolen the diamond ring from defendant, and endeavored to secure the surrender of the ring from the plaintiff by means of threats. There is further evidence of the fact that plaintiff was detained at defendant's house for several weeks after the loss of the ring by the defendant, while defendant was having the matter investigated.

[2-4] We are of the opinion that the trial court committed reversible error in sustaining the motion for a directed verdict. The burden is on the plaintiff to prove that the words were published, as averred in the complaint. Broughton v. McGrew (C. C.) 39 F. 672, 5 L. R. A. 406, and that the defendant was responsible for the publication; however, the publication may, like any other fact, be proved by any competent and relevant evidence.

An admission by the defendant that he made the publication complained of is evidence to show publication by him. Wischstadt v. Wischstadt, 47 Minn. 358, 50 N. W. 225; Carpenter v. Willey, 65 Vt. 168, 26 A. 488; 37 C. J. 73, § 468; 17 R. C. L. 405, § 163. It is not necessary that there should be direct proof of publication by the defendant; any fact established to the satisfaction of a jury, from which it may be legally inferred, will be sufficient. The record contains admissions of the defendant to the plaintiff of the publication of the alleged slander and the testimony of members of the school board, which was rejected by the trial court, tended to establish the publication. The weight of an admission is for the jury. Ayers v. Metcalf, 39 Ill. 307; Cies v. Gale, 168 Mo. App. 282, 153 S. W. 1088; Segnitz v. Grossenbach Co., 158 Wis. 511, 149 N. W. 159; Reed v. McCord, 160 N. Y. 330, 54 N. E. 740. Undoubtedly, there was sufficient evidence of a publication for the consideration of the jury, and we are of the opinion that error was committed in sustaining the motion for a directed verdict for the defendant.

The judgment of the trial court is therefore reversed.