## HUGHES & THURMAN, Appellants, v. JOHN M. DODD, Respondent.

Springfield Court of Appeals, April 1, 1912.    Motion for Rehearing Overruled May 8, 1912.

1. **REAL ESTATE BROKERS: Commissions: Contracts: Conditions.** In an action for a real estate agent's commission, it is *held* that under the conditions of the contract the plaintiffs were to procure a purchaser for defendant's property at the sum of $5500 or more, and that unless they procured a purchaser who was willing to pay such sum, they were not to receive any compensation for their services. It appeared in evidence that plaintiffs tried to sell the property to one N for $5500, but were unable to do so; that later the defendant, without having interfered with plaintiffs' deal, sold the property to N for $4150. *Held*, that plaintiffs were not entitled to recover the commission on this sale.

2. ————: ————: ————: ————: **Burden of Proof.** Plaintiffs sued upon a contract, alleging that defendant placed the property in question in their hands for sale, agreeing to give them the usual commission allowed real estate brokers for their services for making the sale and alleging performance thereof. *Held*, that before plaintiffs can recover · they must prove the contract pleaded and a compliance on their part with the terms thereof, and unless they do there can be no recovery.

3. ————: ————: **Owner Selling at Less Price.** Where real estate is listed with a broker to sell at a certain price with an agreement that the broker shall have a commission for making a sale and the broker brings about the negotiations between the two, which results in a sale, the broker is entitled to his commission, even though the seller changes his price from that given the broker and accepts a smaller amount.

4. ————: ————: ————. When a broker for an agreed commission is employed to sell certain real estate at a fixed price, but does not procure a purchaser at that price and the owner sells it at a less price, the broker is not entitled to receive a commission, though it appears that the purchaser to whom the sale was made had negotiated with the broker. The commission is not earned until the broker sells to a purchaser at a fixed price.

5. **CONTRACTS: Conditions.** When a contract is made upon a certain named condition, a party seeking to recover under such contract must bring himself within such condition.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

AFFIRMED.

*F. T. Stockard* and *Hamlin & Seawell* for appellants.

(1) Appellants procured the purchaser and brought about the sale. Therefore they are entitled to the regular commission on the amount paid, to-wit, $4150; Nichols v. Whiteacre, 112 Mo. App. 692; Gwinup v. Sibert, 106 Mo. App. 709. (2) If the seller reduces the price from that given the broker, and accepts a smaller sum, he is liable to the broker for his regular commission on the amount of the proceeds actually realized. Glade v. Mining Co., 129 Mo. App. 443; Grether v. McCormick, 79 Mo. App. 325; Hobey & Brown v. Aaron, 122 Mo. App. 582.

*Patterson & Patterson* for respondent.

(1) Plaintiff sues upon an express contract, alleging that defendant placed the property in question in their hands for sale agreeing to give them the usual commission allowed real estate brokers for their services for making the sale and alleging performance thereof. Before plaintiff can recover he must prove the contract pleaded and a compliance of the terms thereof, and unless he does there can be no recovery. Cole v. Armour, 154 Mo. 351; Lumber Co. v. Snyder, 65 Mo. App. 468; Eyerman v. Association, 61 Mo. 489; Huston v. Tyler, 140 Mo. 252; Clements v. Yates, 69 Mo. 625; Furth v. Anderson, 37 Mo. 354. (2) Where the contract of agency fixes a net amount for the owner without a commission, the broker is not entitled to compensation, except such sum as is realized over and above the net sum named by the owner. La Force v. University, 106 Mo. App. 517; Blackwell v. Adams, 28 Mo. App. 61.

NIXON, P. J.—This is an action by plaintiffs as real estate brokers for their commission for the sale of defendant's property. Defendants obtained judgment and plaintiffs appealed.

Appellants alleged in their petition "that on or about November, 1910, the defendant employed the plaintiffs to sell his livery barn for him and agreed to allow them for their services the usual commission; that in pursuance of said employment they procured a purchaser for said barn and that the defendant sold the same to said purchaser and conveyed it by sufficient warranty deed and received from said purchaser the sum of five thousand dollars; that the usual commission allowed real estate agents for sales of this kind is five per cent on the first thousand and two and one-half per cent on the remainder." The answer was a general denial.

The evidence on behalf of plaintiffs showed that they were engaged in the real estate business in the town of Republic and that defendant had formerly been engaged in the livery business in said town; that sometime during the month of November, 1910, defendant placed his livery barn and the lot upon which it stood in plaintiffs' hands for sale under a special contract in regard to the commission which plaintiffs were to have for their services in making a sale. Such contract on behalf of plaintiffs' firm was made by S. M. Hughes with the defendant. The testimony of S. M. Hughes pertinent to the matter of commission was that defendant said to him, "Sammy, I will give you a good show, and if you sell it for $5500 I will give you a commission on $5500, and I will give you all over that." On cross-examination Hughes testified: "He told me he would give me all over $5500 and would pay a commission upon $5500 if I got that much." The plaintiffs accepted this proposition, and, to use the words of Hughes, "Started out to scare up a deal." The evidence on behalf of the plaintiffs also

tended to show that within a short time after the contract was made with Dodd the plaintiffs tried to sell the property to Tom Nelson for $5500, but that Nelson refused to buy the property at that price and the deal fell through and negotiations were dropped.

Plaintiffs did not contend that they had anything to do with the final sale of defendant's property to Nelson, which was consummated on the twenty-fifth day of January, 1911, by defendant, by which the barn and lot brought the sum of $4150.

The defendant denied that he made the contract testified to by Hughes, but admitted that he had placed the property in Hughes' hands to trade for a farm, or to sell for $6000, and agreed to pay him a commission if he could sell the barn for $6000 and that he agreed to give Hughes all over that amount. Defendant further testified that prior to the time he sold the property in question he had taken the same out of plaintiffs' hands with their consent. He was corroborated in this by one A. C. Miller.

Tom Nelson, the purchaser of the property, testified that he knew that defendant's livery barn was for sale about three weeks before either of the plaintiffs said anything to him; that negotiations between plaintiffs and himself for the purchase of said property had fallen through long before he bought the property from the defendant; that he refused to give the amount plaintiffs were asking and that he never would have given that sum; that his brother and Lum Miller were the ones that got him and Dodd together; that the terms of the sale were finally agreed upon the twenty-fifth of January, 1911, and that the price paid was $4150. It is seen that this evidence tended to show that long before the deal was finally consummated between Nelson and defendant, plaintiffs had failed to bring Nelson and defendant together on the terms of the special contract of sale under which plaintiffs were acting.

At the close of all the evidence the court gave a peremptory instruction requiring the jury to find the issues in favor of the defendant. The propriety of giving this instruction is challenged by the appellants. The only question brought to our consideration is the sufficiency of plaintiff's evidence to sustain the cause of action stated in their petition.

Plaintiffs sued upon a contract, alleging that defendant placed the property in question in their hands for sale agreeing to give them the usual commission allowed real estate brokers for their services for making the sale, and alleging performance thereof. Before plaintiffs can recover they must prove the contract pleaded and a compliance on their part with the terms thereof, and unless they do there can be no recovery. [Wilbur Stock Food Co. v. Bridges, 160 Mo. App. 122, 141 S. W. 714.]

In the case of LaForce v. Washington Univ., 106 Mo. App. 517, 81 S. W. 209, a case similar to the one at bar, Judge ELLISON said: "There is no doubt that plaintiff made a faithful and diligent effort to sell the defendant's property and that in denying him any relief his effort must go without remuneration. But that results from the nature of the contract, the terms of which . . . were such, that if he had succeeded in his expectations, he would have made a large sum of money; and if he failed, his labor was to be without reward."

The law is well settled that where real estate is listed with a broker to sell at a certain price with an agreement that the broker shall have a commission for making a sale, and the broker brings about negotiations between the two, which results in a sale, the broker is entitled to his commission even though the seller changes his price from that given the broker and accepts a smaller amount. In such case the law will not allow the owner of the property sold to reap the fruits of plaintiff's labor and then deny him his

just reward. [Hovey & Brown v. Aaron, 133 Mo. App. l. c. 582, 113 S. W. 718.]

But such cases do not apply when the contract for commission is a conditional or contingent one. The learned trial judge in this case rightly construed the plaintiffs' contract for commission as shown by plaintiffs' evidence to be a conditional one, the condition being that they should procure a purchaser for defendant's property at the sum of $5500 or more and that unless they procured a purchaser who was willing to pay such sum they were not to receive any compensation for their services. It is elementary law that when a contract is made upon a certain named condition, a party seeking to recover under such contract must bring himself within such condition. This rule of law applies to a broker's contracts as well as to others.

If plaintiffs' evidence had sustained their interpretation of the contract—that defendant agreed to pay them the regular commission *up to $5500* and in addition thereto allow them all above that sum they could get—we would have under consideration an entirely different contract from that presented by the record. The evidence for the plaintiffs does not tend to prove such a contract but does tend to prove a conditional one. If a broker sees fit to make his commissions depend upon his knowledge of the value of the property to be sold and upon his skill and ability as a salesman to sell at a named price, he must stand or fall by the contract he has made.

In none of the cases cited by the appellants as authority in support of their contention do we find a contract for the broker's commission, either expressly or by fair implication, providing that commission was not to be paid unless the property was sold at a named price and in which the seller refused to consummate the sale because not made by the agent at such designated price. They were cases where the owner of the

property authorized the sale at a designated price but did not make the payment of the agent's commission depend upon a sale at such stipulated price.

Plaintiffs admitted that they were unable to secure a purchaser who would pay $5500. The evidence was conclusive that the property in question sold for $4150. The defendant had a perfect right under the law to protect himself from having to pay a commission unless his property sold for a certain sum and if the plaintiffs did not wish to list the property on the terms offered they should have rejected the defendant's proposition. And while it may be said in this case that under this view of the law the appellants' efforts must go without reward, yet it is the contract that they made and they took the chance of being able to make a large sum out of the deal or losing all remuneration for their services. Courts cannot make contracts for individuals. When a broker for an agreed commission is employed to sell certain real estate at a fixed price but does not procure a purchaser at that price and the owner sells it at a less price, the broker is not entitled to recover a commission even though it appear that the purchaser to whom the sale was made was procured by him. The commission is not earned until the broker sells to a purchaser at the fixed price. [Parker v. National Mut. B. & L. A. (W. Va.), 46 S. E. 811; Noyes v. Caperton (W. Va.), 69 S. E. 364; Blackwell v. Adams, 28 Mo. App. 61.]

This case presents no evidence that defendant improperly interfered with the making of a sale by plaintiffs at the price stipulated nor that he prevented the strict performance of the contract. The plaintiffs not having procured a purchaser at the fixed price, defendant sold the property at a less price.

The service which plaintiffs were employed to render was never performed and they have no claim to recover under the express contract proved. No error was committed by the trial court in giving the

peremptory instruction requiring the jury to find. the issues in favor of the respondent.

The testimony admitted over plaintiffs' objections was immaterial and did not prejudice the plaintiffs to any appreciable degree and the action of the court in admitting it is not reversible error.

It follows from what has been said that the judgment should be affirmed and it is so ordered. All concur.