FERGUSON v. WILLARD.

(Circuit Court of Appeals, Second Circuit. April 8, 1912.)

No. 185.

BROKERS (§ 46*)—COMMISSIONS—WHEN EARNED.

A broker employed to procure a purchaser of real estate who would pay a specified sum, but not given an exclusive employment, is not entitled to commissions where he fails to procure a purchaser willing to pay the specified sum, in the absence of anything to show that, if the owner had not taken the property out of the market by selling it for a less sum, the broker would finally have obtained a purchaser willing to pay the specified sum.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 47; Dec. Dig. § 46.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action by Eugene S. Willard against John W. Ferguson. There was a judgment for plaintiff, and defendant brings error. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This cause comes here upon appeal from a judgment in favor of defendant in error, who was plaintiff below, in an action to recover commissions as real estate broker on the sale of the lot and building, No. 135 Fifth avenue, New York. The judgment was entered upon the verdict of a jury, and the only assignment of error argued here was based upon an exception to the court's refusal of defendant's request "to instruct the jury to find a verdict for the defendant upon the ground that the testimony and evidence do not furnish grounds sufficient to support a verdict for the plaintiff." The facts are sufficiently set forth in the opinion.

Blair & Rudd (John N. Blair, of counsel), for plaintiff in error.

Henry M. Ward, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Upon the controlling facts there is really no controversy in the testimony. Plaintiff's brief states that the "only issues in the case were whether defendant employed plaintiff as a real estate broker and whether under such employment plaintiff procured purchaser." This is not quite accurate because it leaves out the very important question—what were the terms of the employment. Employment of plaintiff as a broker is conceded by defendant, and plaintiff concedes that such employment was not exclusive, that defendant was free to look up a purchaser himself or to engage any other broker to do so.

Nor upon the proofs is there any doubt as to what the contract was. Plaintiff was not employed to find a purchaser who would pay the price which the owner might ultimately be willing to accept. He was employed only to find a purchaser who would pay $425,000. There is nothing extraordinary about such a restricted contract. To get such a price might require much negotiation and ingenious and persuasive argument which defendant might conclude he had neither the time nor the experience and facility to undertake. But to get $400,-000 for the property he might well believe would be an easy matter, not requiring the help of any broker at all.

Whatever may have been the reason for making such a contract, such it was, and there is no testimony showing that it was ever modified in any way. Plaintiff evidently wished to obtain a modification of it, so that he might be authorized to effect a sale for $400,000 and tried more than once to induce defendant to agree to such a modification, but the latter invariably refused so to do, saying that the lowest price at which he would authorize plaintiff to offer the property was $425,000, and that the latter could "see if he could get them up to that."

Concededly plaintiff did not complete the original contract. He did not procure any purchaser who would pay the price named, $425,000. He admitted nonsuccess, indeed he seems to have given up trying to get the purchaser up to $425,000 and to have undertaken to secure a promise from him to offer $400,000, in the hope that, if he could do so, he might induce plaintiff to agree to sell at that price.

Therefore we have nonsuccess, and there is nothing in the proof which would sustain a finding that nonsuccess was caused by any act of the defendant.

There is nothing to show that, if he had not taken the property out of the market by selling it for $400,000, plaintiff would have succeeded in obtaining a purchaser, the bank or any one else, who would pay the price stipulated for $425,000.

The judgment is reversed.