## WALTERS v. HODGES.

No. 2504.    Opinion Filed February 18, 1913.

(130 Pac. 532.)

**APPEAL AND ERROR—Review—Sufficiency of Evidence.** Where the issues presented by the pleadings and the law applicable to the facts in the case are fully and clearly presented to the jury in the instructions of the court, and under such instructions and the testimony in the case the jury returns a verdict, such verdict will not be reversed, where it is sufficiently supported by the evidence.

(Syllabus by Harrison, C.)

*Error from Oklahoma County Court;*
*John W. Hayson, Judge.*

Action by Lizzie Hodges against George W. Walters. Judgment for plaintiff, and defendant brings error. Affirmed.

*Robert A. Rogers,* for plaintiff in error.

*E. H. Manning* and *Thomas E. Mallory,* for defendant in error.

Opinion by HARRISON, C. This action was begun in the county court of Oklahoma county January, 1911, by Mrs. Lizzie Hodges, a rooming-house keeper, against George W. Walters, a plumber, for damages alleged to have been caused by negligence and carelessness of defendant in doing a job of plumbing for plaintiff. It is alleged that the water pipes in plaintiff's rooming house were frozen and bursted, causing a damaging flow of water into plaintiff's rooms; that defendant was employed by plaintiff to repair said pipes; that in attempting to do so, instead of shutting off the water at the proper place, he recklessly dug down to the pipe, striking it with a pick and knocking a hole in it, causing the water to flow out into the street and into the house; that, owing to the pressure of water in the pipes, the hole thus made was not large enough to allow all the water to escape through it, and therefore, insufficient to stop the flow into the house; that when plaintiff struck the pipe and knocked the hole in it, as aforesaid, he quit the job and went away and did not return, but left the pipes in that condition; that plaintiff procured other assistance to turn the water off, but, owing to the condition in which the pipes were left by defendant, she was unable to get them repaired, so as to get water into the house, until a number of her boarders left because of her inability to get water into the house; that by reason of the damage or injury done by the water flowing into the house, and by reason of the loss of her roomers after it was turned off, she was damaged in the sum of $500, all of which was due to the alleged negligence and carelessness of defendant in repairing the pipes.

The answer was a general denial. The cause was tried in March, resulting in a verdict and judgment for plaintiff in the sum of $50. From this judgment, the defendant appeals upon

the one proposition that under the pleadings the evidence was insufficient to sustain the verdict.

The material issues involved were the employment, the negligence of defendant in the manner of repairing the pipes, and the amount of damages sustained by reason of such negligence. These issues, as well as the law applicable to the facts involved, were very fully and clearly presented to the jury in the court's instructions. No objection is made to the court's charge, but plaintiff in error bases his claim for reversal solely upon the ground that the verdict is not sustained by the evidence, contending that the evidence was insufficient to warrant recovery for damages caused by the flow of the water into the rooms; and that the allegations in the petition were insufficient to warrant recovery for damages sustained by a loss of plaintiff's boarders. It was alleged in the petition, however, that plaintiff was damaged both by reason of the water flowing into the house and by the loss of boarders after the water was shut off from the house until she could get the pipes properly repaired. The testimony in support of these allegations was heard by the jury and upon such testimony the jury returned its verdict; and from an examination of the record, aside from the oft-repeated rule of this court that a verdict will not be disturbed if it is reasonably supported by the evidence, we think the evidence is reasonably sufficient to sustain the verdict for $50.

The judgment should, therefore, be affirmed.

By the Court: It is so ordered.