SALLIE W. YOUNG, Administratrix, Appellant, v. STECHER COOPERAGE WORKS.

Division Two, June 23, 1914.

AGENCY: Sale of Real Estate: Commission. An agent whose contract provides that, in order to earn his commission, he must within twenty days secure a purchaser for certain lands at ten dollars an acre, is not entitled to commission even though within the contract time he found a person willing, able and ready to take a part of the land at a reduced price and that fact was communicated to the owner, and even though the owner, after the expiration of the contract time, closed with the purchaser on such reduced terms.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Wilfley, Wilfley, McIntyre & Nardin* and *N. S. Brown* for appellant.

(1) An agent for the sale of land is entitled to his commission even though the sale is made by the owners on other terms than those stated in the contract of agency. Stinde v. Blesch, 42 Mo. App. 578; Grether v. McCormick, 79 Mo. App. 325; Crone v. Trust Co., 85 Mo. App. 607; Veatch v. Norman, 95 Mo. App. 500; Wright & Orison v. Brown, 68 Mo. App. 582; Wetzel v. Wagoner, 41 Mo. App. 509; Glade v. Mining Co., 129 Mo. App. 443; Hovey & Brown v. Aaron, 133 Mo. App. 582. (2) An agent is entitled to commissions even though the final negotiations are carried on by the owner, without the agent's knowledge, if the attention of the purchaser was called to the property and negotiations started by the agent. Wright & Orison v. Brown, 68 Mo. App. 577; Goffe v. Gibson, 18 Mo. App. 1; Tyler v. Parr, 52 Mo. App. 249; Gelatt v. Ridge, 117 Mo. App. 560; Sallee v. McMurray, 113 Mo. App. 264; Lane v. Cunningham, 153 S. W. 525. (3) When the contract of agency is for a definite time, if the agent start negotiations within that time with one who afterwards purchases, the agent is entitled to his commission. Goffe v. Gibson, 18 Mo. App. 1; Jaeger v. Glover, 89 Minn. 490; Griswold v. Pierce, 86 Ill. App. 406; Cole v. Crump, 156 S. W. 769; Weisels-Gerhart R. E. Co. v. Epstein, 157 Mo. App. 101; Dodge v. Childers, 167 Mo. App. 455; Gwinnup v. Sibert, 106 Mo. App. 712; Nichols v. Whitacre, 112 Mo. App. 694. (4) Where the sale, within the time limited, is prevented by the principal, and after the expiration of the time, a sale is made by the principal to the purchaser offered by the agent, the agent is entitled to his commission.

Zeimer v. Antiseff, 75 Cal. 509; Fulz v. Weimer, 34 Kan. 576; Brown v. Mason, 21 L. R. A. (N. S.) 328. (5) That the purchasers in the case at bar were ready, able and willing to buy, is conculsively shown by the fact that they did subsequently buy the property. Weisels-Gerhart R. E. Co. v. Epstein, 157 Mo. App. 107; Sidebotham v. Spengler, 154 Mo. App. 16; Glade v. Mining Co., 129 Mo. App. 455. (6) The agent is entitled to his commission if he opens negotiations with a party who afterwards buys, and is the procuring cause of the sale, even though the name of the prospective purchaser was never communicated to the owner by the agent. Hovey & Brown v. Aaron, 133 Mo. App. 583; McCormack v. Henderson, 100 Mo. App. 647: Tyler v. Parr, 52 Mo. 250; Millan & Abbott v. Porter, 31 Mo. App. 563; Lane v. Cunningham, 153 S. W. 527.

*Rassieur, Kammerer & Rassieur* for respondent.

(1) A broker who fails, within the time limited in the contract, to produce to the owner a purchaser able and willing to purchase upon the terms specified therein, is not entitled to a commission. Mechem, Agency, sec. 965; LaForce v. University, 106 Mo. App. 523; Brown v. Mason, 155 Cal. 155; Beauchamp v. Higgins, 20 Mo. App. 517; Page v. Griffin, 71 Mo. App. 529. (2) And this is so, even though the owner, after the expiration of the contract, makes a sale to a person with whom the broker had negotiated within the time limited, unless the delay in making the sale was caused by the fraud or misconduct of the owner. Loxley v. Studebacker, 75 N. J. L. 599; Sibald v. Iron Co., 83 N. Y. 383; Zeimer v. Antisell, 75 Cal. 509; Fulz v. Weimer, 34 Kan. 580; Johnson v. Virginia-Carolina Lbr. Co., 163 Fed. 249. (3) And under the contract in this case, the broker was required to effect a consummated sale within the time limited. Donovan v. Weed, 182 N. Y. 43; Morris v. Jackson, 9 Ga. App. 848; Phinzy v. Bush, 129 Ga. 486; Naylor v. Ashton, 130 Pa. St. 181.

ROY, C.—Action by real estate broker for commission on sale of land. There was a verdict for plaintiff, which, on motion of defendant, was set aside and a new trial ordered. From that order setting aside the verdict and granting a new trial plaintiff has appealed.

The contract of agency is as follows:

"St. Louis, May 21, 1906.

"Memorandum of Agreement, May 21, 1906. Entered into this 21st day of May, 1906, by and between the Stecher Cooperage Works, parties of the first part, and Chas. E. Young, party of the second part.

"Witnesseth, that whereas the parties of the first part are owners of a tract 22,165.20 acres of land located in White county, Arkansas, in Towns 6, 7 and 8 north, Ranges 3, 4, 5, 6 and 7 west.

"Whereas, the parties of the first part are desirous of selling this tract and have this day appointed Mr. Chas. E. Young, the party of the second part, their exclusive agent for selling this said land at $11 an acre.

"Now, therefore, the parties of the first part agree to give to the said Chas. E. Young, the party of the second part, a commission of 5 per cent, providing the party of the second part secures a purchaser for the land in 20 days; unless that in this time he has a purchaser, said agreement is void and has no effect.

"Whereas, thereof, the aforesaid parties set their hands, all in the date above mentioned.

"CHAS. E. YOUNG,

"STECHER COOPERAGE WORKS,

"AUG. GISEKE, V.-Prest.''

The following so-called option on a part of the land mentioned in the former contract was given by the defendant:

"St. Louis, Mo., June 30, 1906.

"I, Rudolph Stecher, have this day given the Stoneman-Zearing Lumber Company, of St. Louis, Mo.,

a sixty day option on fifteen thousand acres of stump-
age on my land in White county, Ark. In considera-
tion thereof the Stoneman-Zearing Lumber Co. has
paid me five hundred dollars. In case there is no trade
the said five hundred dollars is to revert to me; other-
wise it is to apply on the purchase price of the above-
mentioned stumpage.

"RUDOLPH STECHER,
"STONEMAN-ZEARING LBR. CO."

About September 10, 1906, pursuant to that option,
the defendant conveyed to the Stoneman-Zearing Lum-
ber Company 15,323.80 acres of the land at ten dollars
an acre. The evidence is somewhat lengthy, including
a number of letters in a correspondence between the
defendant and one S. E. Austin of Judsonia, Arkansas.
That correspondence shows that in June, 1905, the
defendant was attempting to sell this land through said
Austin. Austin testified that immediately after May
21, 1906, he arranged with Young to act for Young
in the sale of the land, and that about June first he
opened negotiations with the Stoneman-Zearing people,
who offered ten dollars an acre for that part of the
land which they subsequently bought. He further tes-
tified that he communicated such fact to the defendant,
stating to it that he was acting for Young, and that the
defendant by telephone prior to June 10 declined the
offer.

The testimony for the defendant denied ever hav-
ing received any statement from Austin that he was
negotiating with Stoneman-Zearing for the sale of the
land, or that Austin was acting for Young. After the
institution of the suit, Young died, and the suit was
revived in the name of his administratrix.

Defendant's evidence was to the effect that it had
no knowledge of any negotiations with Stoneman-
Zearing until after the 10th of June, 1906.

At the close of all the evidence, defendant asked an instruction in the nature of a demurrer to the evidence, which was refused.

The contract between Young and the defendant, taken in connection with the fact that Young did not within the contract time of twenty days "secure a purchaser" willing to take the land at the price named, leaves the plaintiff without any cause of action. Under that contract, had Young within the twenty days introduced to defendant a person able, ready and willing to buy at the price, defendant would have been liable for the commissions whether he ever closed the deal or not. That was his contract. By that contract, the failure of Young to secure such purchaser in the allotted time, left the defendant free to sell to any one for such price as suited it. The fact that Young within the contract time found a person or persons willing, able and ready to take a part of the land at a reduced price, even though that fact was communicated to the defendant, and even though the defendant, after the expiration of the contract time, closed with the purchaser on such reduced terms, does not avail the plaintiff. Judge PHILIPS, in Beauchamp v. Higgins, 20 Mo. App. 514, said: "We find no authority for the proposition that the agent can demand his commission on a sale not accomplished by him within the time limited by his contract; and especially so where, as the evidence tended to show in this case, the sale was brought about after the expiration of the time limited, through the interposition of a third party, and with new incidents. I should be loth to follow such precedents, if found, as the courts ought not to make contracts for parties. Our duty is simply to interpret and enforce them as the parties have agreed upon." See, also, Page v. Griffin, 71 Mo. App. 524; LaForce v. Washington University, 106 Mo. App. 517.

*Agency:*
*Sale of*
*Real Estate:*
*Commissions.*

The case of Goffe v. Gibson, 18 Mo. App. 1, was based on a contract limiting the period of the agency, but closing with the words, "But if I sell at a lower price or better terms than afore-mentioned, or in any wise through their influence or instrumentality, that I will pay the above commission." We cannot read that clause into the contract relied on in this case.

The order of the trial court setting aside the verdict and granting a new trial is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.