## AULT v. ROBERTS.

No. 2289.   Opinion Filed October 27, 1914.

(143 Pac. 1140.)

**BROKERS—Right to Commission—Performance of Services—What Constitutes.**   If, after property is placed in the hands of an agent for sale and a sale is brought about or procured by the agent's advertisements or exertions, he will be entitled to his commission; or if the agent introduces or discloses the name of a purchaser to the vendor for such property and through such introduction or disclosure negotiations for the sale of the property are begun, and then effected by the vendor, the agent is entitled to his commission.

(Syllabus by Harrison, C.)

*Error from County Court, Tulsa County;*

*N. J. Gubser, Judge.*

Action by R. R. Roberts against A. F. Ault.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*Biddison & Campbell,* for plaintiff in error.

*Lydecker & Steele,* for defendant in error.

Opinion by HARRISON, C.   This action was begun in the county court of Tulsa county in February, 1910, by R. R. Roberts

against A. F. Ault, to recover the sum of $500 and interest at the rate of 6 per cent. per annum, alleged to be due as commissions on a sale of real estate brought about by plaintiff for defendant. The cause was tried in November, 1910, resulting in a verdict and judgment for $500 and interest amounting to $23.95. From this judgment and order overruling motion for new trial, the defendant brings the case here.

Several assignments of error are presented and argued, but the material question involved is whether the facts were sufficient to warrant the verdict. From a closer examination of the record we are of the opinion that the verdict is not sustained by the evidence. The undisputed facts in the case are substantially as follows: Ault owned certain lots in the city of Tulsa and listed them for sale with Roberts, who was a real estate agent, at $160 per front foot, the agreement being that Roberts should have commissions should he find a buyer. He failed to find a buyer for some months, the property in the meantime having advanced in value. Whereupon a new agreement was made between Roberts and Ault, to the effect that Ault would take $5,000 net to him for the property. In this agreement nothing was said as to commissions. Pursuant to this agreement Roberts found a prospective purchaser by the name of Land. He showed the Ault property, together with some other property, to Mr. Land, and finally entered into negotiations with Land for the sale of the Ault property. Land in his deposition testified that Roberts made different prices to him, the exact figures he did not remember, but that they finally agreed upon the $5,000 price, provided Ault would take $3,500 cash, the balance in one year at 8 per cent. interest, to be secured by a mortgage on the lots. Roberts, not feeling authorized to make this kind of a sale without consulting Ault, went to Ault with the proposition. Ault declined to accept it, stating that his only terms were $5,000 cash. Roberts reported this to Land. Land did not have that much cash at the time, and afterwards took the matter up with Ault in person. But Ault still refused to grant any time. Whereupon Land undertook to raise, and within a month did raise, the balance of the $5,000 in

cash, having in the meantime sold some North Carolina property, and returned to Ault, took the matter up with Ault in person and offered $5,000 in cash. Ault at this time had made another raise of $500 on his property, but had said nothing to Roberts about the raise nor about taking the land out of Roberts' hands, but priced it to Land for $5,500 cash and gave Land until the next day to make up his mind. On the next day Land returned and paid Ault $5,500 in cash and took deeds to the lots. When Roberts learned that the sale had been made he demanded the extra $500 from Ault as his commissions on the sale. Ault refused to pay him anything, and Roberts brought this suit.

Under Land's testimony the negotiations for the purchase of the land which had been brought about by Roberts had never been broken, although the transaction was finally closed between him and Ault without consulting Roberts. He had never seen Ault, nor had Ault ever seen him, until they were brought together and negotiations set on foot through Roberts' efforts. Under these circumstances, and under the decisions of our own court, there was sufficient evidence to go to the jury on the question of fact as to whether the efforts of Roberts were the procuring cause of the sale. In *Roberts v. Markham et al.,* 26 Okla. 387, 109 Pac. 127, this court held:

"If, after the lot or realty is placed in the agent's hands for sale, it is brought about or procured by his advertisements or exertions, he will be entitled to his commission, or if the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations for the sale of the property are begun and then effected by the vendor, the agent is entitled to his commissions."

This case was followed in *Selby v. Jarrett,* 30 Okla. 74, 118 Pac. 371, wherein the court said:

"If an agent for the sale of personal property introduces a principal to a prospective purchaser and assists in procuring a sale, he is entitled to a compensation for his services, even though the principal makes the sale direct and at a lower price than the agent had been authorized to sell for, when the negotiations are

continuous and it does not appear that the purchaser would not have bought at the agent's price."

Yet, while it is true that there was sufficient evidence to have gone to the jury on the question of *quantum meruit,* there was no evidence of the contract between Ault and Roberts, that Roberts should have all in excess of the original $5,000 price. Under Roberts' own testimony there was nothing said in the agreement between him and Ault as to what Roberts should receive for making the sale of $5,000 net to Ault. Therefore the verdict of the jury awarding Roberts $500 and interest is not supported by any evidence that he was entitled under the agreement to such sum. Hence the judgment must be reversed, and the cause remanded for a trial of the issue as to what Roberts may be entitled to receive on a *quantum meruit.* The former opinion (130 Pac. 532) is withdrawn and this one filed in its stead.

By the Court: It is so ordered.