### BURKE v. LOCKHART et al.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1923.)

No. 6087.

1. **Brokers** ⬤�439(3)—**Must produce purchaser ready, able, and willing to buy on terms of listing.**

Where no sale is made, before a real estate broker can recover a commission, he must have produced a purchaser ready, able, and willing to buy the property listed with him according to the strict terms on which it has been listed, and he has no authority to change any of the terms imposed by the principal, such as the price, time of payment, rate of interest, etc.

2. **Brokers** ⬤�413—**Agency revocable without reason.**

The principal has the unrestricted right to rescind the broker's agency, and, without giving any reason therefor, to withdraw his land from sale

⬤⟸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

at any time before a purchaser ready, able, and willing to buy at the exact terms set forth by the principal, is found.

**3. Brokers ☞88(1)—Directed verdict for defendant principal should have been granted.**

Where plaintiff brokers wrote defendant principal that they had contracted for the sale of his land listed with them, at the price at which listed, but on terms of payment varying from those prescribed by defendant, and defendant wired, taking the land off the market, *held,* in action for commission, that proof of such facts failed to prove a cause of action, so that defendant's motion for directed verdict in his favor should have been granted.

**4. Brokers ☞85(3)—Testimony of proposed purchaser that he would have purchased on principal's terms held inadmissible.**

In brokers' action for commission, where it appeared that, on submission of contract for sale of the listed land not conforming to the terms on which the land was listed, the defendant principal wired taking the land off the market, it was error to allow the proposed purchaser to testify that at the time he was negotiating with plaintiff brokers he would have been willing to sign a contract for the purchase of the land on the terms prescribed by the defendant, where there was no evidence that he ever did make such an offer, or that his willingness so to do was disclosed or communicated to the defendant at any time prior to the time defendant took his property off the market.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action by Andrew J. Lockhart and another, doing business as the Lockhart Land & Loan Company against M. B. Burke. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

C. O. Dailey, of Mankato, Minn., for plaintiff in error.

C. J. Laurisch, of Mankato, Minn., for defendants in error.

Before KENYON, Circuit Judge, and SYMES, District Judge.

SYMES, District Judge. The plaintiff below, defendants in error here, copartners, doing business as the Lockhart Land & Loan Company, brought this action against M. B. Burke, defendant below, plaintiff in error here, to recover a commission alleged to have been earned as agents in producing a purchaser for certain farm land owned by the defendant Burke. It is undisputed that by letter dated April 23, 1919, the defendant listed his farm with the plaintiffs for sale at the price of $115 per acre net to him, on terms calling for a cash payment down, and three deferred payments of varying amounts, running over three years, the balance above that to be secured by a mortgage running ten years, and providing, further, that the purchaser should assume a mortgage then on the land. On May 27th following, the Lockharts wrote the defendant, stating that they had made a contract for the sale of his land at the net price of $115 per acre, the terms of payment, however, varying from those prescribed by the defendant, and saying nothing about the assumption of the then existing mortgage. Upon receipt of this letter the defendant Burke wired, taking his farm off the market, and stating that he would meet plaintiff at Watertown on the Monday or Tuesday following. The parties met in accordance

therewith, but nothing definite resulted from their conversation; the plaintiffs claiming that they made a tender of the proposed contract of sale, which the defendant denies.

It is clear that the only authority the plaintiffs had to act in the premises was the letter of the defendant referred to, and that, up to the time of the telegram rescinding the agency, the plaintiffs had not produced a purchaser ready, willing, and able to buy on the terms set forth in the defendant's letter of April 23d. The lower court seemed to have been of this opinion, but allowed the case to go to the jury, because the plaintiffs claimed that, although the terms of the proposed sale submitted by them varied from those prescribed by the defendant, yet that was not the reason given by the defendant for his refusal to consummate the deal when the parties met in Watertown. The court instructed the jury that, if the defendant refused to carry out the sale because the terms were different from those prescribed by him, and so stated to the plaintiffs, they should find for the defendant; but that, if they should find from the evidence the defendant refused to carry out the sale, without basing his refusal upon that fact, to wit, that the terms were different from those prescribed by him, and did not so state to the plaintiffs, then he could not rely upon that as a defense, and the verdict in that event should be for the plaintiffs. No exception was taken to the charge. The defendant, however, at the close of the testimony, moved and requested the court to direct the jury to return a verdict in favor of the defendant, on the ground that the plaintiffs had wholly failed to prove a cause of action. This motion was denied, and proper exception taken.

[1, 2] The proposition of law is well settled that, before a real estate broker can recover a commission under the circumstances shown here, he must have produced a purchaser ready, able, and willing to buy the property in question according to the strict terms upon which it had been placed in his hands as agent for sale, and has no authority to change any of the terms imposed by the principal, such as the price, time of payment, rate of interest, etc., and, further, that the principal has the unrestricted right to rescind the agency, and withdraw his land from sale, at any time before such a purchaser is found, without giving any reason therefor. 9 Corpus Juris, pp. 520, 525, 595; Rees v. Pellow, 97 Fed. 167, 38 C. C. A. 94; Wright v. Waite, 126 Minn. 115, 148 N. W. 50; Ferguson v. Willard, 196 Fed. 370, 116 C. C. A. 406; Note to Alexander v. Sherwood Co., 49 L. R. A. (N. S.) 985, and cases there cited. It therefore follows that, when the defendant and plaintiffs met at Watertown, and had the conversation referred to, there was no relation of principal and agent existing between them, and the plaintiffs had no authority to offer an acceptance of any kind, and could not bind the defendant, unless a distinct acceptance or ratification of the offer then presented, or discussed, was proved. The defendant was under no obligation to give his reason for refusing to accept the offer previously submitted by the plaintiffs. The agent could not bind his principal to a contract of sale upon terms differing from those prescribed.

[3] The instructions of the court referred to might have been proper, in the event that the relation of principal and agent still existed at the time the parties met in Watertown, but not under the circumstances of the instant case. It therefore follows that the plaintiffs failed to prove a cause of action, in that they did not produce a purchaser ready, willing, and able to buy on the terms specified by the owner, previous to the cancellation of the agency, and the motion for a directed verdict in favor of the defendant should have been granted. Watters v. Dancey, 23 S. D. 481, 122 N. W. 430, 139 Am. St. Rep. 1071.

[4] In the cases cited by the plaintiff in error to sustain that part of the court's instructions referred to, the relation of principal and agent between the parties had not been canceled, so they are not in point here. The court also erred in allowing the proposed purchaser, Mr. Lett, to testify that, at the time he was negotiating with the plaintiff Lockhart, he would have been willing to sign a contract for the purchase of the lands on the terms prescribed by the defendant, because there is no evidence in the record that he ever did make such an offer, or that his willingness so to do was disclosed or communicated to the defendant at any time prior to May 30, 1919, when the defendant took his property off the market.

The judgment of the lower court is reversed, and the case remanded.