## KENNEDY v. HART.

No. 28609.   March 12, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 808.*

Blanton, Curtis & Blanton, of Pauls Valley, for plaintiff in error.

Haskell Paul, of Pauls Valley, for defendant in error.

DAVISON, J.  The defendant in error, a real estate agent, commenced this action against the plaintiff in error to recover a brokerage commission on the price for which a farm belonging to the latter was sold.

The parties will hereinafter be referred to by their trial court designations of "plaintiff" and "defendant."

The agreement herein sought to be enforced is an oral one which the parties entered into in November or December, 1936. As far as concerns the issues dealt with herein, the only promise that the defendant made was that if the plaintiff "could get $15,000" for the farm, he would pay him "5% of it. * * * * " Acting upon this offer, the plaintiff attempted to interest one A. P. Burns in the purchase of the property. Burns told him that he would purchase the farm if he could get a suitable man to operate it for him. Two or three weeks thereafter, the plaintiff and defendant together went to see Burns, who informed them that he had not yet found a man to operate the farm, in the event he purchased it. Thereafter, on January 3, 1937, the defendant learned from his son-in-law, Al Muldrow, who had spoken to one Dr. W. P. Greening about the land, that the latter might be interested in its purchase. The next morning, he went to Greening's office, where he offered to sell the land to Greening for $15,000 and allowed the latter until the next morning to reach a decision about buying it. Then, upon inquiring of Dr. Greening as to whether hè had talked to any real estate dealer about purchasing the land, and being told that he had not, the defendant offered to sell it to him for $14,500. On Tuesday, January 5th, Greening accepted this offer. Thereafter, and about the time that the defendant procured the abstract of title to the farm for examination by Greening's attorney, the plaintiff told him that Greening and Burns were purchasing the property jointly. Notwithstanding this advice, however, the defendant proceeded to carry out his agreement with Greening,

and after the abstract had been examined, executed and delivered his deed to said purchaser in exchange for Greening's personal check for the purchase price. It appears that thereafter, but on the same day that the sale was thus consummated between the defendant and Greening, Burns went to see an attorney relative to drawing a deed that would transfer an undivided one-half interest in the farm from Greening to himself. The attorney advised Burns that he could be saved the expense of filing and recording a separate conveyance of said interest from Greening to him by the insertion of his name as an additional grantee in the deed that the defendant had already delivered to Greening. After the defendant was notified by telephone of the proposed change in the deed, Burns' name was written into it as an additional grantee, by the attorney's stenographer.

Thereafter, when the plaintiff commenced this action, he alleged in his petition that the agreement "between said parties was that the defendant would pay to the plaintiff 5 per cent. of the total sale price of said lands on any sale thereof which the plaintiff made possible by finding a buyer, if such sale would be acceptable to the said defendant," claimed that by interesting Burns in the purchase of the land he had performed all the conditions of said agreement, and prayed for judgment in the sum of $725, the equivalent of 5 per cent. of the price the defendant received for the land.

After the issues were joined by the filing of the defendant's answer in the form of a general denial, the cause came to trial before a jury. At the trial the court overruled a demurrer to plaintiff's evidence and a motion for a directed verdict interposed on behalf of the defendant. Upon a submission of the cause to the jury, a verdict was rendered for the plaintiff for $362.50, or one-half of the amount he had sued for, and judgment was rendered accordingly.

The defendant has appealed, assigning, among other alleged errors of the trial court, its ruling on his motion for a directed verdict. One of the grounds upon which it is asserted that said motion should have been sustained is that the plaintiff is not shown to have procured a purchaser ready, willing, and able to purchase the farm upon the defendant's terms. Counsel for the plaintiff do not attempt to refute this contention directly. His entire argument proceeds upon the hypothesis that the only question for decision in the present case was whether the plaintiff's efforts were the procuring cause of the sale in question. Citing the rule that this question is for the determination of the jury, and contending that there is sufficient evidence on this point to sustain the verdict, counsel seems to take the position that the plaintiff's right to recover is no longer an open question. The unsoundness of such a position is indicated in the following quotation from the opinion promulgated in Owens v. Mountain States Telephone & Telegraph Co. (Wyo.) 63 P. 2d 1006, at page 1015:

"Many expressions are found among the authorities that an agent is entitled to his commission when he is the procuring cause of a sale. But these will be found to have been made under the assumption that special provisions of a contract have been complied with, or have been waived, or when no special contract existed. A broker must comply with his contract the same as any one else. He must, in the absence of an agreement to the contrary, be the procuring cause; *but even if he is, that does not dispense with the fulfillment of his contract* in other respects." (Emphasis ours.)

Generally, where a principal agrees to pay his agent a certain commission for procuring a purchaser of property upon certain terms, and the agent seeks to recover said commission in an action upon said agreement, it must appear that he procured a purchaser who was ready, willing, and able to purchase the property upon said terms. This is not a necessary element of the agent's cause of action in cases where the sale is made to his prospective purchaser or such a sale has been prevented by the fault,

fraud, or bad faith of the principal (See Ft. Cobb Oil Co. v. Peterson, 149 Okla. 288, 300 P. 405; Abraham et al. v. Wasaff, 111 Okla. 165, 239 P. 138; Paris v. O'Harro, 100 Okla. 264, 229 P. 161; Schlegal v. Fuller, 48 Okla. 134, 149 P. 1118; Artlin Realty Co. v. Glass, 170 Okla. 588, 41 P. 2d 471; 8 Am. Jur. 190, p. 1102; Mechem on Agency [2d Ed.] vol. 2, § 2440, p. 2029), but clearly the present case belongs to neither of these classes. of cases. The sale here was not made to Burns (the only prospective purchaser which the plaintiff claims to have procured), but, on the contrary, and as far as the defendant was concerned, it was both negotiated and closed, solely and exclusively, with Greening, a purchaser who had come to him independently of the plaintiff's efforts. This important particular not only excludes the present case from the operation of the rules promulgated in Ault v. Roberts, 44 Okla. 143, 143 P. 1140, and the third paragraph of the syllabus in Houghton v. Duffner-Cravens, 175 Okla. 148, 51 P. 2d 817 (cited on behalf of the plaintiff), but it distinguishes it from cases in which under somewhat similar circumstances the broker's claim has been upheld. Obviously, the jury in the present case allowed the plaintiff one-half of the commission he claimed was due him because of the proof that his customer, Burns, ultimately became the owner of an undivided one-half interest in the farm. Ordinarily, a broker, who is authorized to sell an entire tract of land and who secures a purchaser for a part of the tract only, is not entitled to any compensation therefor (8 Am. Jur. par. 178, p. 1094, and the annotation to Bentley v. Edwards, 125 Minn. 179, 146 N. W. 347, 51 L. R. A. [N. S.] 254, Ann. Cas. 1915C, 882), though there are cases in which this fact has not been deemed fatal to the plaintiff's recovery. See, for instance, Cumberland Savings & Trust Co. v. McGriff (Fla.) 54 So. 265 (cited in the annotation at 7 A. L. R. 87, 89), wherein the principal was held liable to his agent for a commission on a sale that was both negotiated and closed as a joint sale—a sale in which the principal seems to have dealt directly, not only with a purchaser that the agent had not procured, but with both him and the one the agent had procured. Perhaps it is considered that when the principal or owner of the property sells less than the whole thereof to the broker's customer, he thereby waives the previous requirement that the broker procure a purchaser for the entire parcel, but if this is the doctrine upon which such decisions may be justified, it is not applicable to a case like the present one, where the owner has sold no part of the property to the broker's customer and there is no conduct on his part that could be said to constitute a waiver.

There is no claim in the present case that the plaintiff was prevented from making a sale of the farm by the fault, fraud, or bad faith of the defendant. Of course, it may be said that any time a principal makes a sale himself he thus deprives his agent of the opportunity of thereafter making a sale of the same property, but this he has a perfect right to do without subjecting himself to any liability for the payment of a commission. By merely listing his property for sale with a real estate agent or broker, the owner thereof does not thereby agree that he will not compete with the agent in making a sale of the property himself, and, generally, he may sell it without the assistance of the broker and without becoming liable to him for a commission, unless the broker has procured a purchaser who is ready, willing, and able to buy it. Head-Barry Co. v. Bannister, 52 Okla. 763, 153 P. 669; Cantrell v. McLemore et al., 119 Okla. 176, 249 P. 417; J. L. Lemmon Co. v. Oppenheimer, 155 Okla. 209, 8 P. 2d 679; and see Restatement of the Law, Agency, § 449, p. 1057; 8 Am. Jur. par. 192, p. 1103; and consider the annotations at 43 A. L. R. 1103 and 64 A. L. R. 395.

In the present case, there is no question but that the plaintiff's "prospect," Burns, was not ready or willing to purchase the property involved at the time

the defendant entered into negotiations to sell it to Greening. His willingness to buy the farm, according to the undisputed testimony, had always been conditioned upon his ability to secure a suitable man to operate it for him. The defendant ascertained that this condition had not occurred before he ever attempted to procure a different purchaser for the farm. Since the proof thus shows that the plaintiff had failed to procure a prospective purchaser who was willing to purchase the property on any terms, we are not concerned with whether the legal effect of the defendant's promise was to make the plaintiff's right to a 5 per cent. commission entirely dependent upon his procuring a purchaser who would and could pay $15,000 for it, or whether it was conditioned merely upon his procuring a purchaser who was willing and able to purchase it upon terms "acceptable" to the defendant. Upon this point, notice the illustrations cited at pages 1049 and 1050 under section 447, Restatement of the Law, Agency, and compare with Hughes v. Dodd, 164 Mo. App. 454, 146 S. W. 446; Young v. Stecher Cooperage Works, 259 Mo. 215, 168 S. W. 611; Newton v. Conness (Tex. Civ. App.) 106 S. W. 892; Williams v. McGraw (Mich.) 18 N. W. 227; Schwartz v. Yearly, 31 Md. 270; Sanden & Huso v. Ausenhus (Ia.) 168 N. W. 801; Varn v. Pelot (Fla.) 45 So. 1015; Ferguson v. Willard, 116 C. C. A. 406, 196 Fed. 370, and other cases cited in the annotation (43 A. L. R. 1103) at p. 1111 et seq.

Counsel for the plaintiff seem to attach a great deal of importance to certain portions of the evidence tending to show that after the defendant had agreed to sell the land to Greening and before the sale was consummated, he was informed that Burns was jointly interested in the transaction with Greening. The fact that such information may have been communicated to the defendant before he carried out his agreement with Greening is of no particular importance in the present case. At that time, the defendant had procured a buyer of his own who apparently was ready, willing, and able to purchase the property himself, before the plaintiff had ever procured such a purchaser. The defendant would not have been justified in refusing to carry out his agreement with Greening upon receiving information that he had a partner in the purchase. See, generally, Resky v. Meyer (N. J.) 119 A. 97, and Carpenter v. Overland Tire Co. (N. J.) 130 A. 665. This case is not analogous to those in which the owner has conveyed title to the property to a third person acting as a "dummy" for the real purchaser, who is the broker's customer, in order to defeat the broker's claim for a commission. There is no evidence of such fault, fraud, or bad faith on the part of the defendant in this case. Here, the defendant reduced the price at which he had been offering to sell the property, obviously, in reliance upon Greening's representations that he had not talked to a real estate agent or broker concerning the purchase, and for all that the record shows, he was justified in believing that no broker's commission would be due on the transaction, and under these circumstances entered into it in complete good faith. Under these circumstances, and in the absence of any showing that he has failed or neglected any duty toward the plaintiff and has done anything but exercise a right that he undoubtedly possessed, there is no basis in the arrangement between the parties for a cause of action in favor of the plaintiff upon an express contract for a 5 per cent. commission. Here, the defendant's offer never became a binding unilateral contract.

As we have concluded that the evidence in the present case does not support the plaintiff's cause of action, it is unnecessary to consider the defendant's other assignments of error.

Upon the undisputed facts concerning the plaintiff's failure to procure a purchaser who was ready, willing, and able to purchase the property involved, the trial court should have sustained the defendant's motion for a directed verdict. Since our decision is founded upon such

facts, rather than upon the mere insufficiency of the evidence upon this essential element of the plaintiff's cause of action, the judgment of the trial court is reversed and said court is directed to set aside the judgment heretofore entered herein and enter judgment for the defendant.

RILEY, GIBSON, HURST, and DANNER, JJ., concur.