ROSCOW, Appellant, *v.* BARA, Respondent.
(No. 8285.)

(Submitted January 7, 1943.   Decided March 5, 1943.)

[135 Pac. (2d) 364.]

(246)

248

*Mr. Harlow Pease,* and *Roscow & Roscow,* for Appellant, submitted an original and a reply brief; *Mr. Pease* argued the cause orally.

*Messrs. Bennett & Bennett* and *Mr. Frank J. Roe,* for Respondent, submitted a brief; *Mr. Lyman H. Bennett, Jr.,* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment in favor of the defendant in an action where the plaintiff sought to recover a broker's commission under a contract for a sale of real property.

The following statement of facts is summarized from the court's findings: The plaintiff, an attorney, and the defendant, a rancher, entered into the following written agreement in May, 1935:

"That the said Dan Bara is desirous of selling that certain property known as the Washington Bar Placer or Ranch, situate in Madison County, Montana, consisting of twenty-one hundred acres, more or less, for not less than the sum of One Hundred Thousand ($100,000.00) Dollars, and has hired and by these presents does hire said Jessie Roscow to procure a purchaser for said property at not less than the said sum of One Hundred Thousand ($100,000.00) Dollars; and

"That the said Jessie Roscow has agreed to put forth her best efforts to procure a purchaser for said property at said price; and

"That the said Dan Bara, in consideration of the efforts of said Jessie Roscow to procure a purchaser for said property, has agreed and does hereby agree to pay to said Jessie Roscow the sum of ten per centum (10%) of the said sum of One Hundred Thousand ($100,000.00) Dollars, or of any other or greater sum for which said Dan Bara shall sell said property to the purchaser or purchasers whom said Jessie Roscow shall procure."

During the summer of 1935 the plaintiff introduced the defendant to the officers of the Gold Creek Mining Company. As a result of this introduction, on the 19th day of August, 1935, the defendant and the mining company entered into a contract known as a "lease and an option to purchase." By the terms of this agreement the mining company could use the property for mining purposes and at any time within ten years could exercise an exclusive option to purchase the property

for $100,000. The mining company was required to do certain testing and developing work within a certain time and make certain royalty payments to the defendant. Some two years later, after a failure upon the part of the mining company to comply with the lease and option agreement, the contract was terminated by mutual consent and a straight lease was substituted. Since that time the mining company has worked the ground and paid royalties to the defendant.

The cause was tried to the court without a jury, and the court found for the defendant and ordered the action dismissed. The primary basis for the decision of the court is found in the finding No. 19, as follows: ''That at no time did said company purchase or agree to purchase from the defendant the property described in said 'Exhibit A' * * * for the sum of one hundred thousand dollars or any other sum.''

It is evident that the court has predicated its decision upon this finding and upon the terms of the written contract which requires the plaintiff to *"procure a purchaser"* in order to entitle her to her commission.

The plaintiff has grouped her specifications of error in her argument and they are as follows:

''1. That defendant was satisfied with performance of plaintiff of her contract.

''2. That defendant was satisfied with a lease and option.

''3. Modification by parol.

''4. Lease is a sale of mineral.

''5. That appellant has earned her commission.''

The first two arguments are so related that we shall discuss them together. To give force to them it must be said that the contract is not specific enough to restrict performance to ''purchase'' and that procuring of a lease and option was performance, or that the plaintiff was entitled to her commission because of her services even though she did not carry out the terms of the contract.

With regard to the first position we are compelled by the plain wording of the contract, which the plaintiff her-

self prepared, and upon which she relies for recovery in this suit, to hold that the words, "procure a purchaser" can mean but one thing—procuring a person who will *buy* the property. Likewise, the written contract being clear, we cannot say that the plaintiff's services, when the terms of the contract were not met, entitle her to a commission.

The general rule as expressed by this court is found in *Wright* v. *Bowlus,* 62 Mont. 322, 205 Pac. 210, 211. It is there said: "'As a general rule a broker is not entitled to compensation until he has performed the undertaking assumed by him; and, in the absence of any contrary provision in his contract, *it matters not how great have been his efforts nor how meritorious his services;* if he is unsuccessful in accomplishing the object of his employment, he is not entitled to compensation." The Gold Creek Company was not ready, willing and able to purchase the property and the agreement made by it and Bara was only a lease and an option, and it specifically provided that it was "'not a contract of sale." By no stretch of the imagination could it be said that the broker's contract as originally made was complied with by appellant. But, she argues, the making of any agreement between Bara and the Gold Creek Mining Company amounted to an acceptance by Bara of her services as a performance of her obligation under the contract. This position, too, is untenable. Appellant relies on *Laux* v. *Hogl,* 45 Mont. 445, 123 Pac. 949, 951, where it is said: "In our opinion, however, the broker is entitled to his commissions if he produces a purchaser ready to accept, and who does accept, the offer made by the seller according to its terms." This statement does not support her position but is to the contrary. She did not produce *a purchaser.* The most that can be said is that she produced a prospective purchaser and the giving of the option to the mining company, and the subsequent straight lease does not bring this case within the *Laux Case,* or any other cited by appellant. Had the option been exercised of course the commissions would have been earned. The rule applying to this case is found in 12 C. J. S., Brokers, section 86, p. 199.

The next argument made by the plaintiff is that there is ██ sufficient evidence to show that the written contract was modified by parol. This argument is not tenable by virtue of the fact that section 7519, Revised Codes, requires a broker's contract for the sale of real estate to be in writing. This court has ruled directly upon this question. (*Gantt* v. *Harper,* 82 Mont. 393, 267 Pac. 296, 297.) In that case it is held: "Our statute of frauds requires a note or memorandum in writing, subscribed by the party to be charged, or his agent, as a condition precedent to recovery of a broker's commission upon an agreement authorizing or employing an agent or broker to purchase or sell real estate. (Section 7519, Rev. Codes 1921.) This statute has frequently been considered and applied by this court and its provisions are held to be mandatory (*Skinner* v. *Red Lodge Brewing Co.,* 79 Mont. 292, 256 Pac. 173) as to the original agreement, *as well as any subsequent modification in the terms thereof.*" While appellant argues that certain letters constituted a modification, standing alone they clearly did not do so. She relies chiefly on parol evidence to show modification and even if that evidence did show modification, it would avail her nothing because of section 7519, Revised Codes.

The next argument is that a lease and option or straight ██ ██ lease, when involving mining property, is in effect a sale of minerals and thus would come under the "purchase" provisions of the written contract. The reasoning upon which this argument is based is that there has been a severance of part of the corpus of the real estate which has actually been the subject of changed property interests. The plaintiff cites 3 Lindley on Mines, 3rd Ed., sec. 861, page 2135. Therein the reason is given as follows: "That doctrine, as we have seen, is based upon the principles that mineral in place is land, that a grant of the right to extract and dispose of it, and thus destroy its character as real estate, amounts to its sale as land * * *." (See, also, 40 C. J. 992.)

Whether or not there is a sale of part of the real estate is not important here. The general rule in such case is stated in

8 Am. Jur. 1094 as follows: "Thus according to the weight of authority, a broker who is authorized to sell an entire tract of land and who secures a purchaser for a part of the tract only, is not entitled to compensation on the part sold either on the contract or on a *quantum meruit.*" (See, also, *Bentley* v. *Edwards,* 125 Minn. 179, 146 N. W. 347, 51 L. R. A. (n. s.), 254, Ann. Cas. 1915C, 882; *Kennedy* v. *Hart,* 187 Okl. 169, 101 Pac. (2d) 808.)

The above rule is particularly applicable here where we are dealing with a special contract rather than a general broker's agency. (See annotation, 73 A. L. R. 929.)

In any case we cannot say, in the face of the specific language in the contract, that "Dan Bara is desirous of selling that certain property known as the Washington Bar Placer Ranch * * * consisting of twenty-one hundred acres," that it was intended by the parties that all that was to be sold was the mineral in the ground under a lease agreement.

Some argument is made that the cancellation of the lease and option and the making of the straight lease to the mining company was for the purpose of defrauding plaintiff of her commission. The record does not support this charge and the court's finding is correct.

The plaintiff has urged error in the findings of fact not conforming to the evidence and that certain testimony had been erroneously excluded. We have examined these contentions and find them to be untenable.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANDERSON and ADAIR concur.

On Motion for Rehearing.

Mr. JUSTICE ERICKSON delivered the opinion of the court.

In her petition for a rehearing, plaintiff says: "This entire case is based upon the theory that when a broker brings

to the owner a prospective purchaser, and the owner deals with the prospective purchaser and enters into an agreement with him satisfactory to the owner, the broker is entitled to his compensation for the services rendered. Everything else depends upon that theory, which has been overlooked by the Court.'' This theory of the plaintiff was considered by the court on the original hearing and it is discussed in the opinion. As we said in the original opinion, that theory can only be sustained where the person or corporation produced by the broker is actually a prospective purchaser, ready, willing and able to enter into a purchase and sale agreement satisfactory to the seller. While the seller did enter into an agreement with the corporation produced by the broker, it was not an agreement for the purchase and sale of the property and thus does not come within the cases cited by plaintiff both in her original brief and on rehearing. We did not hold, as a general rule, as plaintiff in her petition assumes, that before the broker is entitled to his commission he must produce a person who actually purchases the property and the purchase and sale agreement is fully performed. The contract between these parties provides specifically that plaintiff's right to recover the commission depends upon her finding a purchaser of the property in question. She did not produce either a purchaser or someone ready, willing and able to purchase or anyone with whom the seller dealt on terms different from those provided in the brokerage contract within the cases cited by plaintiff. In all of the cases cited by plaintiff the agreement entered into between the seller and the purchaser was an agreement of purchase and sale, which is not the case here.

The petition is denied. Remittitur forthwith.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANDERSON and ADAIR concur.